George *v.* Law.

1 363
98 17

## GEORGE *vs.* LAW *et al.*

This court will not interfere with the verdict of a jury, where the question upon which they have passed is one solely of unliquidated damages, unless beyond doubt the verdict be unjust and oppressive; so *held*, in an action brought by a passenger against the owners of a steamer for not furnishing him with the conveniences during the voyage, which the contract of conveyance required.

The case of *Payne* v. *The Pacific M. S. S. Co. (ante, p. 33,)* approved.

It *seems*, that where a jury has passed upon a question of unliquidated damages, the court below has no right to direct the plaintiff to remit a part of the verdict. In case, however, the plaintiff does enter into a stipulation to remit part of the damages found by the jury, he will be held to his stipulation.

APPEAL from the district court of the district of San Francisco. The facts are fully stated in the opinion of the court.

*Elisha Cook,* for plaintiff.

*E. Temple Emmett,* for defendants.

*By the Court,* LYONS, J. Plaintiff was holder of a ticket

George *v.* Law.

which entitled him to the occupancy of " Settee A. of Saloon— " Berth No. 9," for the " first voyage of the steamer *Columbus*, " from Panama in New Grenada to San Francisco." Said voyage commenced on the sixteenth day of May, 1850. It was shown on the part of the plaintiff, that he embarked on the *Columbus* on the day named, but that the ship was unprovided *that trip* with any such settee as described in the ticket, or with any other settee in that part of the vessel—that in consequence of this deficiency, and the crowded condition of the ship, she being provided with accommodation for but three hundred passengers, and there being on board about four hundred, he was obliged to sleep on deck, exposed to the weather, which at the commencement of the voyage was very inclement—owing to which his health suffered materially, and to such an extent as to render him incapable of active employment for some time after his arrival in San Francisco—that he was not supplied with such food as it is usual to furnish passengers of his class—and that owing to carelessness and neglect of duty on the part of the officers of said steamer, his baggage was damaged by water. The case was submitted to a jury who found a verdict in favor of plaintiff, and assessed the damages at one thousand dollars, for which sum judgment was rendered by the court. Defendants moved for a new trial, on the ground that the verdict gave excessive damages, and because it was contrary to law and evidence; whereupon the court made the following order :—" That said motion be sustained on defendants' paying " all costs within ten days, and provided plaintiff, by his attor- " neys, does not, within five days, enter a stipulation to make a " *remittitur* herein of five hundred dollars, in which case no " new trial to be had." The *remittitur* was agreed to by plaintiff and entered of record within the time limited by the court. Defendants then appeal.

The record discloses no refusal on the part of the judge of the court below to charge the jury on any matter submitted, nor is it assigned as error, that he charged erroneously on any point of law involved. In view of this the verdict of the jury must be considered as having settled all the facts of the case.

In the case of *Payne* v. *P. M. S. S. Co.*, (*ante, p.* 33,) decided at the first term of this court, we expressed our views in regard to the interference of courts with the finding of juries in a case of unliquidated damages. We then held that " a court ought never " to set aside a verdict because of excessive damages, unless, " *beyond doubt*, the verdict be unjust and oppressive,—obtained " through some undue advantage, mistake,—or in violation of " law ; as upon questions so peculiarly pertaining to the powers " and investigation of the jury, it ought to be presumed that the " verdict is correct." The statute designates three causes which shall entitle parties to a new trial, vesting in the sound discretion of the court the granting thereof. The one relied on in the case at bar is that " the judgment is clearly contrary to law and " evidence." The court below seems to have been of opinion that this case came within the rule, and that " beyond doubt the " verdict was unjust and oppressive." This view appears also to have been taken by plaintiff's attorney who assented to the diminution of the judgment required by the court. It can scarcely be just ground of complaint on the part of appellants that the judgment of the court stands for but one-half the amount, for which the verdict of the jury was rendered. The respondent, if he had not acquiesced in the action of the court below by filing his *remittitur*, might, with more reason, have sought the intervention of this court to sustain the finding of the jury, but he also is precluded, for if such right existed, he has waived it by his own act.

Judgment affirmed.