## SILVERNAIL *vs.* COLE.

An executory promise to pay a sum of money to be recanted from a bar-
gain which is void by the statute of frauds—as a parol contract for the
sale of standing timber—is not binding, for the want of a consideration to
support it.

THIS was an appeal by the defendant from a judgment of the
Broome county court.   The cause originated in a justice's court;
where the plaintiff declared upon a note or agreement, dated
Dec. 6, 1850, executed by the defendant, by which he promised
to pay to the order of the plaintiff, sixty days after date, fifty
dollars, in shook staves at ten dollars a thousand.   The defend-
ant put in an answer, in which he alledged that the note declared
on, if the same was ever made by the defendant, was obtained
and given without any consideration therefor, and was void for
that reason ; and that it was obtained and procured by the fraud
and deceit of the plaintiff, and by his false, fraudulent and de-
ceitful representations and statements, and was void for that
reason ; also that it did not belong to the plaintiff, &c.

It appeared in evidence that about the month of November,
1850, the defendant, Cole, sold, by a verbal agreement, to the
plaintiff, Silvernail, and one La Fayette Cross, what shook tim-
ber there was standing on his (Cole's) lot, for the sum of $25,
and received from Silvernail $5 of the purchase money.   A few
days after the sale was made, Cross and the defendant went and
counted the trees which they considered shook timber, and this
count embraced 103 or 104 trees of red, rock and black oak, and
no other kind of timber.   When the bargain was made Cole
supposed he was only selling these three kinds of oak, and did
not intend to sell his white oak timber ; and he had no idea that
the purchasers would claim the white oak timber under this
agreement.   Cross afterwards parted with his interest in the
contract to Silvernail, and the latter then set up a claim not only
to the red, rock and black oak, but also to the white oak and
chestnut trees standing on Cole's lot.   Silvernail talked with
Henry Cole, the defendant's brother, and said that he could hold

all the timber on the defendant's lot; that he was so advised by Esquire Lowell; and he requested him to inform the defendant of it, and he accordingly did it. After this the defendant met the plaintiff and wished to have the bargain given up. The plaintiff insisted that he could hold all the different kinds of oak timber on the defendant's lot, and the defendant insisted that he could not. The plaintiff then told the defendant that Esquire Lowell and Mr. Dickinson had told him that he could hold the white oak timber. The defendant conceded that if Esquire Lowell and Mr. Dickinson had said what was represented, it must be so, and thereupon paid back to Silvernail the five dollars which he had received from him, and gave the note in suit to be recanted from the bargain. There was some evidence to show that the statement of Silvernail to the defendant's brother, Henry Cole, that Esquire Lowell had told him that he could hold all the timber on the defendant's lot, and his statement to the defendant that Esquire Lowell and Mr. Dickinson had told him that he could hold the white oak timber, were falsehoods.

The justice rendered a judgment against the plaintiff, and in favor of the defendant, for costs; and on appeal, the county court reversed the judgment.

*Hotchkiss & Seymour*, for the appellant.

*Dickinson & Wright*, for the respondent.

*By the Court*, SHANKLAND, J. The legal proposition involved in the decision of this case is whether an executory promise to pay a sum of money to be recanted from a bargain which is void by the statute of frauds, is binding. The very statement of the case indicates the answer. It is not binding because there is no consideration to support it.

The contract for the sale of the timber growing on the defendant's land, being by parol, was void. (1 *Denio*, 550. 5 *Barb*. 364.) Promising to pay money to be released from such a contract, is entirely without consideration, and the promise

Silvernail *v.* Cole.

can not be enforced. For this reason the justice's judgment was legally right. The case of *North* v. *Forest,* (15 *Conn. R.* 400,) is to the point.

Whether there was fraud in obtaining the note is not so clear, nor is it material to decide. The judgment of the county court must be reversed, and that of the justice affirmed.

[CORTLAND GENERAL TERM, September 14, 1852. *Mason, Shankland, Gray* and *Crippen,* Justices.]