By the Court,
Monell, J.
The action was to recover a quarter’s rent accruing from February 1st to May 1st, 1863. The demise was of the first floor and basement of premises in Chambers street in this city, for one year ending May 1,1860. The lease was not read, nor was there any evidence that it contained a covenant or agreement by the lessor to repair. On the 14th of April, 1863, a leak was discovered from the ceiling of the store, doing damage to the defendants’ goods. They sent for the lessor, who promised that he would■ immediately have it attended to. The same night a storm occurred, and a large quantity of water came in, wetting the defendants goods, doing them great injury.
There being no covenant to repair, in the lease to the defendants, the damages they sustained from the leaky condition of the ceiling or roof over the premises demised, were not the subject of recoupment or counter-claim in this action, Edgerton v. Page, 20 N. Y. Rep. 281; ) unless the promise of the plaintiff in April, 1863, to have the leak attended to, was valid. At that time, the premises had been in the possession and occupancy of the defendants for upwards of eleven months, under a lease wherein they agreed to pay rent, notwithstanding the premises might be out of repair. There was no obligation resting on the- plaintiff to make any repairs, and there was no consideration whatever paid by the defendants to the plaintiff for his promise to repair. Such promise was therefore void, and no action could have been sustained by the defendants for the non-fulfillment of it. The promise having been made by parol, subsequently to the written lease, it needed a new and sufficient consideration to uphold it. Post v. Vetter, 2 E. D. Smith, 248.) Besides, the promise to repair was made on the same day, and shortly before the damage was sustained. It does not appear that there was sufficient time, between making .the promise and the happening of the injury, to have made the necessary repairs ; and the plaintiff cannot be deemed to have *221 broken Ms engagement, except by his neglect to do the thing he promised, after sufficient time had been afforded him for the purpose. And besides, again, the defendants do not claim in their answ.er, either to recoup their damages or recover them as a counter-claim against the plaintiff. The offer of the defendants, therefore, to show that the overflow occurred from the neglect of the plaintiff to repair the upper part of the premises was properly excluded.
But it is claimed that the plaintiff's agreement to pay such damages as the defendants had suffered, or to allow the same upon the rent, was binding, and is available to the defendants in this action.
The evidence was that the plaintiff, upon being informed of the injury, admitted the damage, and said the question was as to how the amount should be ascertained and settled. He “ suggested ” the best way to ascertain the amount of damage would be to send the goods to auction and he would pay the difference between the amount they sold for, and the invoice price. He urged that the estate was poor, had no money, and that this must be paid. out of the rents ; “ to this I (the defendant) assented.” “Nothing further was said at the time. The goods, at his suggestion, were sent to auction ; the account of sales and the invoices were then sent to the plaintiff, and the amount of difference ($1240) shown.” The plaintiff refused to carry out the arrangement.
If the promise to pay or allow the difference between the auction and the invoice price of the damaged goods, as the damages suffered by the defendants, is supported by a suffi-. cient consideration, it is binding ; and the plaintiff's refusal to perform was a good defense to this action.
The plaintiff was not, as we have seen, under any covenant or agreement to repair ; and was not, therefore, liable for the injury occasioned by the defective condition of the demised premises. The assumption of a supposed liability, which has no foundation in law or in fact is not a valuable or sufficient consideration to sustain the promise, (Cabot v. Haskins, 3 Pick. 83,) and one who, through a mistake of the law, acknowledges *222 himself under an obligation, which the law does not impose, is not hound by such promise. (Silvernail v. Cole, 12 Barb. 685. Warder v. Tucker, 7 Mass. R. 449. Ross’ Ex’rs v. McLaughlan’s Adm’r. 7 Graft. 86. 1 Pars. Cont. 363.) And this, perhaps, is the only exception to the rule ignorantia juris non excusat.
A benefit to the one party, or an injury or detriment to the other, is a good consideration, but the benefit must be such as the party is not entitled to, except as a consideration of his undertaking, or the injury must be to the legal rights, not to the wrongful claims, of the promissee. (Converse v. Kellogg, 7 Barb. 590.)
It is not pretended that there was wj.benejit resulting, or that could result, to the plaintiff; nor was there any injury or detriment to any legal right of the defendants. If they sustained any injury, it was in sending their goods to auction, which, it may be said, was attended by some outlay to the defendants. But that was a mere mode of ascertaining the amount of damages ; and it does not appear, (which I think it should, to be at all available,) that the defendants were to any extent damnified thereby. There is no necessary connection between the sale by auction, to ascertain the extent of the injury, and the promise to pay, One is quite independent of the other ; and it seems to me clear, that a supposed or conjectured injury or loss to the defendants, in disposing of their property in the manner suggested by the plaintiff, cannot be resorted to as furnishing a consideration for the promise.
But, if there was an injury to the defendants, and it was such as would furnish a sufficient consideration for the promise, the agreement to send the goods to auction (if a suggestion made by one party and not acceded to by the other can be called an agreement,) was void for want of mutuality.
Chitty says (Chitty on Cont. 15) that if one party never was bound on his part, to do the fact which forms the considera-' tion for the promise of the other, the agreement is void for the want of mutuality. This, however, is confined to those cases where the want of mutuality would leave one party without a *223 valid or available consideration for his promise. (Arnold v. Mayor of Poole, 4 Man. & Gr. 860.)
The case before us shows, that the plaintiff “ suggested” the sending the goods to auction 'as a mode of- ascertaining the damages, but it no where appears that the defendants agreed to such an arrangement; and they were not concluded by the auction sales as the measure of their damages. The plaintiff could not have enforced the agreement and compelled a sale at auction, or insisted upon that as the only mode of determining the extent of his liability.
Subsequently acting upon the suggestion, by selling the goods by auction, did not make the agreement mutual. In The Utica and Schenectady R. R. Co. v. Brincherhoff, (21 Wend. 139) the defendant agreed that if the plaintiffs should locate their road on Water street, &c. in the city of Utica, and should require for the purposes of their road certain lands in the vicinity, the defendant in consideration of the benefits which she would derive from such location, would pay such sum as the said lands should be appraised at, in case the same should be taken by the plaintiffs. The plaintiffs located their road as designated in the agreement, and took certain lands required for the purposes of their road. The action was upon the agreement, to recover the appraised value of the lands taken. The agreement was held to be void. Nelson, Ch. J. says: “ The written instrument is but a simple proposition, and no averment that it was acceded to by the plaintiffs. The fact..that they afterwards located the road agreeably to the terms of the proposition is, of itself, nothing; it should have appeared that they had agreed with the defendant, thus to locate it, as a consideration for the promise. The promise of each must be concurrent, and obligatory at the same time, to render either binding.”
The assent of the defendants, as testified to by the defendant Bird, was to the allowance of the damages upon the rent, not to the sending of the goods to auction ; for he says, (after stating the proposition of the plaintiff to sell the goods, &c.) he (the plaintiff) then went on to urge that the estate was. *224 poor, and that the damages must be paid out the rents ; “ to this I assented.” If there was any question as to the application of the words “ to this I assented,” it was a question of fact for the jury,' and no request was made by the defendants to submit any question to their determination. It is too late to object now.
The defendants not having agreed, at the time, to the sale by auction, were not bound by that mode of ascertaining the damages, and the agreement was, therefore, all on one side. This furnishes an additional reason for declaring the promise void.
We are of opinion that the plaintiff was entitled to a verdict for the rent claimed, and that the direction to the jury was correct.
The exceptions should be overruled, and judgment directed for the plaintiff upon the verdict.