SARAH ALGER, Respondent, *v.* SAMUEL H. SCOTT et al., Appellants.

An order drawn, payable out of a specified fund, is not an assignment *pro tanto* of the fund, unless a consideration was paid therefor.

Plaintiff, a married women, being the owner of certain premises rented to defendants, gave an order upon them to a creditor of her husband for $346,64, chargeable to her on account of rent. That amount of rent had not then accrued ; defendants received and accepted the order, but did not return it to the payee until after the commencement of this action for the rent. *Held* (EARL, C., dissenting), that the order being given without consideration did not operate as an assignment of the rent to the amount thereof, and that plaintiff was entitled to recover the full amount of such rent.

(Argued January 17, 1873, decided March term, 1873.)

APPEAL from judgment of the General Term of the Supreme Court in the second judicial district, affirming a judgment in favor of plaintiff, entered upon a verdict.

This action was brought to recover $233.31 rent for certain premises in the city of Brooklyn, known as No. 13 Cheever Place, from the 1st day of August, 1866, to the fifteenth of November in the same year. As a defence, the defendants alleged that the plaintiff did, on the 16th of August, 1866, assign to one Glover, all the rents then accrued and unpaid, or that might immediately thereafter accrue from the premises, to the extent of $346.64.

On the trial the defendants proved that on the 16th day of August, 1866, Thomas Alger, the husband of the plaintiff, was indebted to Glover in the sum of $700, and that on that day the plaintiff drew and delivered to Glover an order upon the defendants to pay Glover $346.69, directing them to charge the same to her account of rent of house No. 13 Cheever Place. This order was received by defendants and accepted, but was mislaid, and was not found and delivered to Glover until after the commencement of this action. Upon this state of facts, the judge at circuit charged the jury that the plaintiff's order did not operate as an assignment of

her claim for the rent to Glover, and that she was entitled to recover the amount for which the action was brought, and the interest, to which charge the defendants excepted. The jury rendered a verdict in favor of the plaintiff for the amount of the rent and interest.

*Amasa J. Parker* for the appellants. The order on defendants, payable out of the rent, was an assignment *pro tanto* to the drawee. (*Harris* v. *Clark*, 3 Comst., 117; *Morton* v. *Naylor*, 1 Hill, 583.)

*Jacob F. Miller* for the respondent. The order given to Glover was without consideration, and did not operate as an equitable assignment of the rent to him. (*Burnet* v. *Bisco*, 4 J. R. 235; *People* v. *Howell*, id., 296; *Chaffee*, v. *Thomas*, 7 Cow., 360; *Pearson* v. *Pearson*, 7 J. R., 26; *Fink* v. *Cox*, 18 id., 145; *Harris* v. *Clark*, 3 N. Y., 93; *Craig* v. *Craig*, 3 Barb. Ch., 76, 115; *Clark* v. *Mauran*, 3 Paige, 373; *Bradley* v. *Root*, 5 id., 632, 641; *Carrique* v. *Sidebottom*, 3 Metc. [Mass.], 297; *Hall* v. *City of Buffalo*, 1 Keyes, 193; *Tyler* v. *Gould*, 48 N. Y., 682; *Richardson* v. *Carpenter*, 46 id., 660.

GRAY, C. The cases in this State, from *Peyton* v. *Hallett* (1 Caines' Cas., 363, 364, 379), down to *Parker* v. *The City of Syracuse* (31 N. Y., 376, 379), in which an order, payable out of a specified fund, has been held not to be a bill of exchange requiring an acceptance, but an assignment of the fund to the payee to the amount specified in the order, were each of them cases where the drawer had received a consideration for the order, and, for that reason, the order was held to be an assignment of the fund drawn upon to the amount specified in it. This order was not supported by any consideration. Its validity is tested by the same rule it would be if not drawn upon a specified fund, and Glover, by reason of the defendants' refusal to accept it, had brought his action against the plaintiff to recover its amount. In such a

case, the want of consideration would defeat, as it rightfully did in this case.

The judgment appealed from should be affirmed.

EARL, C. (dissenting). On the 16th day of August, 1866, the husband of the plaintiff was indebted to one Glover in the sum of about $700. At the same time the defendants were tenants of the plaintiff in the occupation of certain premises, her separate property, and there was then rent due, or to become due, from them to her. On that day, for the purpose of paying a portion of her husband's debt to Glover, she, at her husband's request, gave Glover the following order on the defendants; "Gentlemen, please pay Mr. John R. Glover $346.69, and charge same to me, account of rent of house No. 13 Cheever Place." Glover presented and delivered this draft to the defendants, who accepted the same, soon after the date thereof, but mislaid it, and did not again deliver it to Glover until after the commencement of this suit. By the acceptance of this draft the defendants became obligated to pay the amount thereof to Glover; and assuming that the draft was binding upon the plaintiff, they had the right to detain from her so much of the rent. They claim that this draft worked an assignment of so much of the rent to Glover. This the plaintiff denies, on the ground that there was no consideration for the draft, and that she was a married woman.

Assuming that the draft was valid, it being a draft upon a particular fund, it operated as an equitable assignment of so much of the rent to Glover, just as effectually as if there had been a formal written assignment. And this it would have done without any formal acceptance by the defendants. When they were notified that the draft had been delivered to Glover, upon the assumption that it was valid, they became obligated to pay the rent to him instead of the plaintiff. (*Morton* v. *Naylor*, 1 Hill, 583; *Harris* v. *Clark*, 3 N. Y., 93, 117; *Parker* v. *City of Syracuse*, 31 N. Y., 376; *Lowery* v. *Steward*, 25 N. Y., 239; *Field* v. *Mayor*, etc. of *N. Y.*, 6 N. Y., 179.)

I can see no difficulty as to the consideration. The debt due from the husband, upon which the rent was to be applied, furnishes ample consideration. Suppose, instead of assigning the rent, she had paid the money or conveyed real estate or any other property belonging to her, could she recover the money or assail her transfer on the ground that there was no consideration? If my friend owes a debt, may I not transfer to his creditor any of my property to pay the debt, and in such case would not the debt furnish ample consideration for the transfer? The answers to these questions are too obvious to require argument or illustration. It must be borne in mind that so far as this draft operates as an assignment, it is not an executory contract, but an executed transfer. It does not appear from the evidence whether this assignment of the rent was to be taken by Glover as an absolute payment of his debt to the amount of $346.69, or only as conditional payment, that is, to operate as payment in case the draft was paid. If the former was the case, then so much of the debt of Glover was satisfied. If the latter was the case, then he was bound to hold the draft until the amount of rent became due from defendants, and demand payment of them before he could have any remedy against his debtor for so much of his debt as was covered by the draft. As sufficient rent would not be due from the defendants to pay the draft in several months from its date, payment of Mr. Alger's debt to the amount of the draft was extended during that time, and this extension, if nothing else, would furnish sufficient consideration to uphold the draft. Hence, whether we treat the draft as taken by Glover as absolute, or as conditional payment, there was ample consideration to uphold it.

We then have this state of facts: Plaintiff gave this draft, upon sufficient consideration, to Glover, and the defendants accepted it and became obligated to pay it to Glover. From this obligation they have never been discharged, and yet the plaintiff has been permitted in this action to recover of them the rent covered by the draft, leaving, so far as appears in this

case, Glover with the full right to recover the same rent. This recovery cannot be upheld, unless the draft failed to bind the plaintiff on account of her coverture. That it did bind her is entirely clear. It operated as an assignment, and section 2 of chapter 90 of the Laws of 1860 provides that a married woman may " bargain, sell, assign and transfer " her separate personal property; and this she can do as fully and completely as a *femme sole.*

There was evidence tending to show that the plaintiff had redeemed and thus became repossessed of the rent assigned by paying nearly the amount of the draft to Glover. But the evidence upon the subject was conflicting and the judge did not submit it to the jury, but directed a verdict for the plaintiff upon the sole ground that the draft was without consideration, and did not, therefore, operate as an assignment of the rent. In this there was error, for which, I think, the judgment should be reversed and new trial granted, costs to abide event.

All concur for affirmance, except EARL, C., dissenting.

LOTT, Ch. C., not sitting.

Judgment affirmed.