By the Court.—Sedgwick, J.
In Alger v. Scott, 54 N. Y. 14, the commission, of appeals held, that an order to pay out of a specified fund, viz., rent to grow due from the drawee to the drawer, such order being accepted, did not in the absence of a consideration, make the payee of the order, an equitable assignee of the rent, it having fallen due ; and that the ord er being given to secure an antecedent indebtedness due by the husband of the drawer to the payee, was not sufficient consideration. Commissioner Earle dissented. We are not in this case called on to consider what the rights of the payee are, when from the face of equitable principles, it is deemed there has been a grant, or executed transfer, of the right to the fund, by the former owner. But there can hardly be a doubt, that when the assignment has not been made, but is executory, the payee’s rights must depend upon the obligation legal or equitable, of the person sued, to complete the assignment. In this case we do not consider the obligations of the acceptor, for it is not made a defendant, but only of the drawers who are sued.
Such orders to pay a part of a fund, not in existence, have been held several times, to be assignments, al *150 though not accepted, upon the fund drawn on coming into existence. (Field v. Mayor of N. Y. 6 N. Y. 184. Parker v. City of Syracuse, 31 Id. 376. Hall v. City of Buffalo, 1 Keyes, 193. Stover v. Eyclesheimer, 3 Id. 620). In the first case cited, an instrument in the form of an assignment, was held to operate as an agreement by the assignor that the assignee should take and receive the fund, when it should come into existence. It was not indeed an assignment in presentí, and did not at the time it was made transfer the claim the assignee had against the defendant, but it created an equity which seized upon the moneys as they became due, and continued so to do, until the object of the agreement was accomplished.
If the fund never comes into existence, it is impossible that there should be an assignment, or transfer of it. Then at the best, the obligation, is in its nature, one of contract to make the assignment, and in case specific performance be impossible, a breach of the contract may give a right to damages.
In the present case, the order by its terms is not an agreement. If any agreement be implied (Road v. Dawson, 1 Ves. Sen. 332; 3 Lead. Cas. in Eq.; 2 Spence Eq. Jur. 855), it was that the defendant would transfer to the plaintiff, or put him in possession of, the fund described as one thereafter to arise from their performance of the contract to build the road. This being an executory contract, and nothing more, a consideration must be found to make the defendants liable in damages for not performing it. And the learned counsel for defendants assumed, that a consideration must be proven, and forcibly urged, that one fully appeared by the evidence.
The facts relevant to the issue of consideration were not the subject of conflict among the witnesses. It is. not claimed by the plaintiff that the defendants were under any liability to the plaintiff, by reason of his *151 procuring the contract to be made. Whatever he did was on the employment, and at the request, of the railroad company solely. Before the contract was entered into, the negotiations had fixed the sum to be paid to the defendant at two hundred and fifty thousand dollars. It was demanded that they should agree to pay the plaintiff, out of this sum, five thousand dollars for his services. They not being liable to the plaintiff, refused to agree to this. But on the promise to have the sum to be paid to them made, by the contract, two hundred and fifty-five thousand dollars, they agreed to give the order in question. The contract was made to pay the defendants two hundred and fifty-five thousand dollars, and they drew the order.
Whatever the circumstances are, a consideration to support a contract must be substantial. It must have value, although the quantity of the value need not be great, but may be small. If it be an illusion, making but a false appearance of value, it is not a valuable consideration. The naked fee of an owner, after his ' interest in the land has been sold under execution, will not be a consideration for a promise to pay so much money for it (Van Alstyne v. Wemple, 5 Cow. 162). A promise to release from a contract void by the statute is not a consideration (Silvernail v. Cole, 12 Barb. 685).
A promise to pay in the future, or to act in the future, may be a consideration, but because the consideration takes the shape of a promise, not the less must the promise be of value. A promise by a plaintiff to account to the defendant for the interest of a third person in an adventure, when at the time of the promise it was possible that such third person might have a balance due him, yet it did not appear that he had one in fact, is not a valuable consideration (Powell v. Brown, 3 Johns. 104). A promise to pay has value-to the promisee from it being a means of obtaining the thing promised. If the promisee is to have the money *152 as his own for a short time, it may be enough. On the other hand, if the promise is such that upon full performance the promisee will never have use, benefit, or enjoyment of anything, there is not even an appearance of value to him.
In the present case, we will suppose that the railroad company promised to pay the additional five thousand dollars, if the defendants would draw the order. We do not now examine the reality of this supposition, although it would appear that by the contract the whole two hundred and fifty-five thousand dollars was made a consideration for the defendant’s promises to build the road. We will consider the facts as if the order and acceptance had been inserted in the contract, in terms expressive of the obligations of the parties, as we have, for the purpose of this case, supposed they exist upon the order in its detached state.
It would then have appeared that, cotemporaneously with the promise of the railroad company to pay to the defendants the two hundred and fifty-five thousand dollars, the defendants promised the plaintiff and the railroad company to assign five thousand dollars of hat sum to the plaintiff, and to accomplish that, divested themselves of all claim to demand the five thousand dollars of the company. There was no instant of time when the defendants would have use or enjoyment, either of the five thousand dollars, or of the promise to pay the five thousand dollars. Therefore such a promise was without value to them. At the same time (looking at the company as the acceptor of the order), the contract would have contained a promise by the company, that upon the defendants performing, the company would pay the five thousand dollars to the plaintiff, which reduced the amount promised to be paid to the defendants to two hundred and fifty thousand dollars.
*153 If such had not been the nature of the transaction, but the contract had contained an absolute promise to pay to the defendants two hundred and fifty-five thousand dollars in their own right, the defendants would have had a valuable interest in the five thousand dollars, as parcel of that sum. As the facts were, I am of opinion that the promise by the railroad company to increase the two hundred and fifty thousand dollars to two hundred and fifty-five thousand dollars, and the performance of that promise was not a valuable consideration to make the defendants liable upon the executory contract in question.
Again, was there an implied agreement by the plaintiff to forbear suing the railroad company for the value of his services, which made the executory contract, which we have supposed to exist in the case, an obligation upon the defendants as founded upon a consideration ? There is no proof that the plaintiff made an express promise to forbear.. If there were a promise it must be implied in, or inferred from, the fact that the order and acceptance matured in the future. It is not a necessary consequence, from giving collateral security, that, there be forbearance upon the principal obligation. The surety, as such, may desire that the principal debtor be called upon to pay, and, if possible, compelled to pay, before he, the surety, shall be liable. At the most, there would be a presumption that the creditor took security to give the principal debtor ease in the present. This presumption would be explained, if the other facts showed a different intention.
In the present case, without going into a minute dissection of the testimony, it seems clear to me, that the actual intention of the parties had no reference to relieving the railroad company from an action by the' plaintiff. The arrangement was one by which the , railroad company should be put in funds sufficient to > pay the plaintiff. The contract that was contemplated *154 at first, for the building of the road for two hundred and fifty thousand dollars, left the company without money to pay the plaintiff. In order to get the money, the defendants, by a letter, required that two hundred and fifty-five thousand dollars should be paid. This demand led to the company acquiring in some way five thousand dollars more. The arrangement substantially had reference to this, and not to the time when the plaintiff should call on the company for payment of its indebtedness to him.
Beyond this, to uphold forbearance as a consideration, it must be part of the contract, as between the parties. The party to be held must have made the contract upon that consideration. To state it in another way, the forbearance must be promised or given at the request of the promisor. If the promissee, gratuitiously or voluntarily, or at the request of a third person, promises or gives forbearance, that can not sustain a contract which had no reference to forbeáranpe. In the present case, the facts show that if forbearance was given, the company did not ask time, nor was the order given to the plaintiff on that score. The sole object of the transaction being to get the company in funds, as a help both to the plaintiff and to the Railroad Company, it affirmatively appeared that the defendants did not request the forbearance, but the plaintiff voluntarily gave it, so far as the defendants were concerned. I do not think, therefore, that in this matter there is a consideration which holds the defendants to the performance of a contract.
The theory of the present action, in substance, holds the defendants to the payment of a debt due by the company. It might be questioned, whether the drawing of a non-negotiable order constitutes such a written promise to pay, that it is not invalid by the statute of frauds. This was not discussed on the argument, and is not passed upon here. For the reasons stated *155 above, I am of opinion that the motion to dismiss the complaint should have been granted ; that the exception to the ruling in that respect should be sustained. The verdict should be set aside, and a new trial granted, with costs to defendants to abide event.
Monell, Ch. J., and Speir, J., concurred.