ADDISON v. ENOCH et al.

(Supreme Court, Appellate Division, First Department. February 9, 1900.)

1. EXECUTORY PROMISE—PARTICULAR FUND—LIEN.
    An executory promise to pay a sum of money to the payee out of a particular endowment fund when it should be received by the obligors is not sufficient to create an equitable lien on the fund.
2. SAME—ASSIGNMENT.
    No assignment of the fund was created by such promise.
3. SAME—CONSIDERATION.
    An executory promise to pay a certain sum of money to the payee out of a particular endowment fund when it should be received by the obligors is not enforceable when not supported by a consideration.
    McLaughlin and O'Brien, JJ., dissenting.

Appeal from special term, New York county.

Bill by John Addison against Rosa Enoch and another. From a judgment for plaintiff, defendants appeal. Complaint dismissed.

Argued before VAN BRUNT, P. J., and McLAUGHLIN, PATTERSON, O'BRIEN, and INGRAHAM, JJ.

L. J. Morrison, for appellants.

Charles L. Greenhall, for respondent.

INGRAHAM, J. The action is in equity, and brought to enforce an equitable lien claimed by the plaintiff upon a certain sum of money due to the defendant Rosa Enoch from a benevolent association, payable upon the death of her husband, Edward Enoch. The plaintiff claims that this was an equitable assignment, or that an equitable lien was created by an instrument in writing signed by the defendant Rosa Enoch, the appellant. This instrument is dated New York, January 23, 1889, and is as follows:

"After death of Edward Enoch, we, or either of us, promise to pay to the order of A. Wolfson, four hundred and fifty ($450) dollars, without interest, payable from the endowment fund either of the Bnai Brith Lodge or Kesher Shel Barzel Lodge, and no other source.

       "[Signed]                                Rosa Enoch.
                                               "Jos. E. Enoch.

"$450."

The plaintiff claims, and the court below found, that this instrument operated as an equitable assignment of the fund due from either of the associations named to the extent of $450, and was valid in equity, and gave judgment for the plaintiff directing the payment to him of the sum of $500, payable by one of the associations to the appellant. The instrument is purely executory. There was no intention expressed to transfer anything to the plaintiff's assignor, or to create any lien upon any particular fund. The makers of the instrument agreed to pay at a future date a sum of money to the plaintiff's assignor, and that such payment should be made out of a particular fund; and, as they could not make the payment out of that particular fund until it was received by the makers, no payment was due to the plaintiff's assignor until the fund was received. The instrument did not purport to transfer or assign the fund, nor did it authorize the payee to collect the fund from the corporation or individual who held it for the benefit of the makers. The instrument was simply a promise to pay a sum of money upon the happening of the contingency named out of a particular fund, when it should be received by the maker of the instrument,—that promise being executory; and no right was granted to the payee to enforce the payment in any way except as a personal promise of the makers. This question as to the nature of the instrument has a most important bearing upon the rights acquired by the parties to it. A purely executory contract, by which the promisor agrees to do a particular thing upon the happening of a particular contingency, imposes different obligations and creates different rights than those under an instrument which was intended to transfer a present right upon the execution of the instrument, grant a specific lien upon or operate as an assign-

ment of specific property, or transfer the right to receive specific property, or a demand when it should accrue to the promisor. There is in this case nothing but a personal promise of the obligor to pay a sum of money to the payee. The utmost that can be claimed is that this promise was to pay a sum of money to the payee out of a particular fund when it should be received by the obligors, but such an agreement is not sufficient to create either an equitable lien upon the fund or to operate as an assignment thereof. For that proposition the case of Williams v. Ingersoll, 89 N. Y. 518, is authority. As was said by Earl, J., in delivering the opinion of the court:

"Nor can the plaintiffs base their claim to an equitable lien upon the award upon the mere promise of Heath that they should be paid out of any money that should be recovered in any of the actions or proceedings. Whatever the law may be elsewhere, it must be regarded as the settled law of this state that an agreement, either by parol or in writing, to pay a debt out of a designated fund, does not give an equitable lien upon the fund, or operate as an equitable assignment thereof."

The cases relied on by the plaintiff, of which Brill v. Tuttle, 81 N. Y. 454, is an example, do not apply, for there the instrument relied on was an order upon a person who was a debtor of the drawer of the order, requesting such person to pay to the payee named a sum of money out of the amount due to the drawer for work done under a contract with the drawee; and it was held that such an order operated as an equitable assignment pro tanto of the amount due by the payee to the drawer of the instrument. The court in that case said:

"The direction in the order to charge the money to be paid thereon to that account indicates, we think, sufficiently, in connection with the surrounding circumstances, that the payments were to be made out of the moneys due or to become due on the account, and all parties must have so understood it. If such is its true construction, it was an assignment of the fund within all the authorities."

Such an instrument, therefore, acted as a present transfer of a fund due or to grow due, and is entirely distinct from a mere executory promise to pay a sum of money by the promisor out of a particular fund. We think, therefore, that the instrument in question did not create an equitable lien upon any sum of money to become payable in the future by either of the associations named, nor could it operate as an equitable transfer of such money.

There is another objection to the recovery in this case which is also fatal to the judgment, and that is that it was clearly proved that there was no consideration for the promise in question. The makers of the instrument were not indebted to the plaintiff's assignor. Nor did the plaintiff's assignor part with any right of property upon the execution or delivery of this instrument. The instrument was, as before stated, purely executory, and contained a simple promise to pay in the future a sum of money. The instrument was not negotiable; no consideration was expressed; none in fact existed. In Alger v. Scott, 54 N. Y. 14, it was expressly held that a consideration was necessary to support such a promise. There Gray, C., delivering the opinion of the court, says:

"The cases in this state from Peyton v. Hallett, 1 Caines, 363, 364, 379, down to Parker v. City of Syracuse, 31 N. Y. 376, 379, in which an order, payable

out of a specified fund, has been held not to be a bill of exchange requiring an acceptance, but an assignment of the fund to the payee to the amount specified in the order, were each of them cases where the drawer had received a consideration for the order, and for that reason the order was held to be an assignment of the fund drawn upon to the amount specified in it. This order was not supported by any consideration. Its validity is tested by the same rule it would be if not drawn upon a specific fund, and Glover, by reason of the defendants' refusal to accept it, had brought his action against the plaintiff to recover its amount. In such a case the want of consideration would defeat, as it rightfully did in this case."

It follows that the judgment appealed from must be reversed, with costs, and, as this action was in equity, and there was a short decision under section 1022 of the Code, this court can grant to either party the judgment which the facts warrant. As it clearly appears from the conceded facts that the plaintiff can have no cause of action in equity to enforce this agreement, it seems useless to order a new trial. The complaint therefore should be dismissed, with costs.

PATTERSON, J., concurs; VAN BRUNT, P. J., in result.

McLAUGHLIN, J. (dissenting). I cannot concur in the conclusion reached by Mr. Justice INGRAHAM in this case. It seems to me he not only entirely overlooks what the parties consented to try, irrespective of the pleadings in the action, but he also overlooks the testimony of the witnesses as to the consideration of the instrument set out in the complaint. The action, it will be remembered, was originally commenced against the present defendants and one Leopold Redelsheimer, as president of the Grand Lodge, District No. 1, Order Kesher Shel Barzel. Redelsheimer admitted the liability of the lodge, paid the amount called for into court, and thereupon an order was made discontinuing the action as to him. The plaintiff and the present defendants then entered into a stipulation "that the judgment to be entered herein should provide for the payment of the sum so deposited in this action to the party who should succeed in the action." At the opening of the trial, the learned trial justice, evidently appreciating the crude and imperfect condition of the complaint, and the absence therein of necessary allegations to enable the parties to try the only issue for trial, viz. which of the parties was entitled to the money which had been paid into court by Redelsheimer, refused to proceed with the trial unless both parties conceded that the case was properly in court upon proper pleadings; and that such concession was then made is clearly evidenced by the following extract from the record: "The Court: It is conceded, then, by counsel here, that the question to be tried arises between the plaintiff and the two defendants, Rosa Enoch and Joseph E. Enoch, as to who is entitled to the fund of $450, payable from the lodge, and that the pleadings shall be deemed to be amended accordingly." To this the plaintiff's counsel replied, "Before we go further, there is a further stipulation," and defendants' counsel said, "Before we go into that, I am going to make a preliminary motion." The court responded, "I shall decline to try this case unless you both concede that the pleadings are properly in court for that purpose," and defendants' counsel answered, "I concede all

your honor has said, but what I claim is that there is no cause of action against these defendants." Further discussion was then had, at the conclusion of which the learned trial justice announced that he would hear the evidence. When he made this announcement, the defendants' counsel said, "I ask you to give me the benefit of an exception." The trial justice answered, "Always, where I deny a motion, there will be an exception." Up to this time the defendants' counsel had neither made an objection nor a motion, and there was nothing to which he could or did take an exception. He had acquiesced in the statement of the court that the issue to be tried was as to which of the parties was entitled to the fund of $450 coming from the lodge, and which had been paid into court, and that the pleadings should be deemed amended for that purpose. The trial then proceeded, and the evidence introduced by the plaintiff tended to establish the execution, delivery, assignment, and nonpayment of the instrument mentioned in the complaint; and at the close of plaintiff's case not a single objection had been made, or an exception taken, by defendants' counsel. After the plaintiff had rested, the defendants' counsel moved to dismiss the complaint "upon the specific ground that there is no proof of the delivery of the instrument or of the assignment." The trial justice did not pass upon this motion, but announced that he would reserve his decision, and take the evidence. To this disposition of the motion the defendants' counsel made no objection, and he must, therefore be held to have acquiesced in it. All of the testimony on the part of the defendants was substantially directed towards establishing that there was no consideration for the defendants' promise, and that the instrument referred to, for that reason, was invalid, and could not be enforced. This was the real issue which was tried, and it seems to me that whether the plaintiff had an equitable lien upon this fund or an equitable assignment of it are questions which are immaterial, and it is unnecessary, therefore, to consider them. The money, as I have said, at the time of the trial had been paid into court. Both parties claimed it, and, for the purpose of having their respective claims settled and determined, had stipulated that the judgment should provide for the payment of that money to the one who should succeed upon the trial, and they had, in open court, agreed that the pleadings should be amended so that that question could be settled and determined. At the conclusion of the trial the learned trial justice—very properly, as it seems to me—held that the plaintiff was entitled to be paid from the fund in court the amount which the defendants had promised to pay. The defendants had promised to pay on the happening of a certain contingency,—the death of Edward Enoch. That contingency had occurred. They had promised to pay from either one of two funds, and the uncertainty which theretofore existed as to which fund they were to pay from had become, by that payment into court, certain. There was a valid consideration for the defendants' promise. The trial court found that at the time the instrument set out in the complaint was made Edward Enoch was indebted to A. Wolfson in the sum of $450, and that the consideration of the instrument was that

debt, and the forbearance of Wolfson from collecting it. There is an abundance of evidence to sustain this finding. An agreement to forbear, either absolutely or for a certain time, to enforce a legal or equitable claim, is a sufficient consideration for a promise of the debtor or of a third person to pay the debt. Bank v. Wixson, 42 N. Y. 438, and cases there cited. One of plaintiff's witnesses testified that prior to the making of the instrument. Wolfson indorsed a note for Edward Enoch for $450, which was discounted, and subsequently paid by Wolfson. Another witness testified that he was present when the instrument was signed, and he was then asked:

"Q. Did you hear anything said at that interview about what the note was given for? A. I was sent for for that purpose, as a friendly act to Mr. Wolfson and Mr. Enoch. The note was given for a debt of $450. Q. You say that you were called in to do a friendly act for them? A. Yes, sir. Q. Who told you the amount of $450 was due? A. Mr. Wolfson and Mr. Enoch both. * * * I say there had been some conversation that Mrs. Enoch and Joseph E. Enoch were to execute the note because Edward Enoch owed Wolfson $450."

This testimony was not disputed; neither was the fact of the execution and delivery of the instrument, and its nonpayment.

For the foregoing reasons, I think the judgment should be affirmed.

O'BRIEN, J., concurs.