In the Matter of the Final Judicial Settlement of the Account of the NATIONAL COMMERCIAL BANK AND TRUST COMPANY OF ALBANY, as Administrator with the Will Annexed of STEPHEN W. WHITNEY, Deceased.

GEORGE P. WHITNEY, Appellant; AMERICAN SURETY COMPANY OF NEW YORK, Respondent.

Third Department, November 15, 1923.

Executors and administrators — legatee signed paper agreeing to pay surety company stated amount out of his share of estate — said paper was not order on administrator nor assignment of share of legacy — error for surrogate to direct administrator to pay said amount to surety company.

A writing signed by a legatee by which he agreed to pay to a surety company, which had been compelled to make good certain defalcations by the legatee, a stated amount out of his share of the estate of his father, is not an order directing the administrator with the will annexed of his father's estate to pay the amount to the surety company nor is it an assignment to the surety company of a share of his legacy, and, therefore, it was error for the surrogate to direct the administrator to pay the amount stated to the surety company.

APPEAL by George P. Whitney from so much of a decree of the Surrogate's Court of the county of Albany, entered in the office of said Surrogate's Court on the 20th day of July, 1923, as directs that the administrator with the will annexed of Stephen W. Whitney, deceased, pay the respondent the sum of $10,000 out of the appellant's share in the estate of said decedent.

*John A. Delehanty,* for the appellant.

*Rosendale, Dugan & Haines* [*P. C. Dugan* of counsel], for the respondent.

VAN KIRK, J.:

George P. Whitney in 1890 was in the employ of the Albany City National Bank. At this time the American Surety Company of New York was surety on his bond and, on account of his infidelity to the bank, in consequence of which he was convicted and served a term of imprisonment, the surety company paid the bank the sum of $10,000. His father, Stephen W. Whitney, died in Albany county, leaving a will, in which he gave to George P. Whitney, subject to the life estate of the widow, Caroline, approximately $30,000. The widow died and a proceeding for an accounting in the estate of Stephen W. Whitney was instituted. On June 9, 1922, George P. Whitney executed a paper writing as follows:

"BROOKLYN, N. Y., *June* 9, 1922.

" I hereby agree to pay to the American Surety Company of New York out of my share of the estate of my father, Stephen W. Whitney, the loss which the said surety company sustained while acting as my surety in favor of the Albany City National Bank at Albany, N. Y., amount of said loss being Ten Thousand Dollars ($10,000).

(Signed)    GEORGE P. WHITNEY.

" Witness:

" MARGARET WHITNEY."

In its original form this paper provided for payment of interest upon this $10,000 from the time it had been paid to the bank; but this provision as to interest was stricken out before execution. The surety company presented this claim to the administrator with the will annexed of Stephen W. Whitney as a claim against the share of George P. Whitney; and it is from the decree allowing the claim that this appeal is taken.

The surrogate has correctly found that there was no fraud or false representation made in connection with the execution and delivery of the paper. But the questions have been properly raised whether or not this paper was an assignment of $10,000 of the share of George P. Whitney, and whether or not there was any authority in the surrogate to allow the claim as against the share of George P. Whitney. This paper was prepared by the American Surety Company, not by George P. Whitney or any one in his behalf. It is not in the form of an order upon the administrator with the will annexed, nor is there any claim that it has been accepted as such by the administrator. There are in the paper no words of assignment or transfer of the share of George P. Whitney, or any part of it. It is simply a statement by which he agrees to pay to the American Surety Company out of a designated fund, namely, the fund to be paid to him from his father's

**584** United States Fire Ins. Co. *v.* Adirondack P. & L. Corp.

Third Department, November, 1923. [Vol. 205

estate, $10,000. This is not the equivalent of an assignment of the fund, nor does it give any equitable lien upon the fund, or any part of it. It is a present acknowledgment of the indebtedness of George P. Whitney and his personal promise to pay out of this fund when he gets it. He could not make the payment until he had received the fund. There are no words authorizing the American Surety Company to collect the $10,000 from the estate of Stephen W. Whitney. There is nothing to indicate an intention on the part of George P. Whitney to give the surety company the right to enforce payment from any one save himself. (*Williams* v. *Ingersoll*, 89 N. Y. 508, citing *Rogers* v. *Hosack's Executors*, 18 Wend. 319, and *Christmas* v. *Russell*, 14 Wall. 69; *Addison* v. *Enoch*, 48 App. Div. 111; *Wemple* v. *Hauenstein*, 19 id. 552; *Bacon* v. *Schlesinger*, 171 id. 503; affd., 224 N. Y. 690.)

The decree of the surrogate, so far as appealed from, should be reversed and the claim dismissed, with costs to the appellant against the respondent American Surety Company of New York.

H. T. Kellogg, Hinman, Hasbrouck and McCann, JJ., concur.

Decree so far as appealed from reversed on the law and claim dismissed, with costs to the appellant against the American Surety Company.