UNION TRUST COMPANY OF NEW YORK, Appellant, *v.* AUGUS-
TUS S. WHITON, Respondent.

In an action to recover the amount of an alleged loan from plaintiff to de-
fendant, the defense was that the loan was negotiated by defendant as
agent for and upon collaterals belonging to a disclosed principal. Plaintiff
proved the delivery of a check to defendant, payable to his order, for the
amount of the loan, and produced an envelope in which were the secu-
rities upon which the loan was made upon this was indorsed the date of
the transaction, defendant's name and place of business, written by
him, the time of the loan, from whom, the amount, the rate of interest
and then a list of the securities. *Held,* that the indorsement was not a
contract, as there was no promise to pay, nor was it an acknowledgement
of an indebtedness, or that defendant was the borrower; and that parol
evidence was proper to show the facts.

Defendant proved that the loan was made for the benefit of one K. and
upon securities belonging to him; that plaintiff was advised of this,
and that the check was made payable to defendant's order simply by
his direction; also, that defendant wrote his name upon the envelope
at the request of the secretary after the loan had been made *Held,*
the evidence justified a finding that defendant was not the borrower and
did not contract to pay the loan.

Plaintiff introduced evidence to the effect that its custom was not to
take notes for loans, but envelopes similar to the one in question, and
that the use of such envelopes was common at the time. *Held,* that this
did not affect the character of the indorsement, that the language em-
ployed and the circumstances connected with its use could not be altered
or changed by proof of such a custom.

(Argued October 9, 1884; decided October 31, 1884.)

APPEAL from judgment of the General Term of the Supreme Court, in the first judicial department, entered upon

an order made March 22, 1882, which affirmed a judgment in favor of defendant entered upon a verdict.

This action was brought to recover $75,000 alleged to have been loaned by plaintiff to defendant. Defendant's answer averred in substance that the loan was not made to him but to Kimball & Co. for whom he was acting as broker.

Plaintiff produced and proved the delivery by it to defendant of a check payable to his order for the amount of the loan, and indorsed by him. It then gave in evidence an envelope upon which was the following indorsement:

"Date, *June* 16, 1871.

" A. S. WHITON, 19 *Broad street:*

" Four months' loan from Union Trust Company; amount, $75,000; interest, seven per cent."

Then followed a list of the securities upon which the loan was made, to-wit, certain Georgia bonds.

Plaintiff also proved that it was its custom in making loans not to take notes, but to loan on collaterals inclosed in envelopes, with indorsements thereon similar to that upon the one in question; that this custom was adopted to avoid the payment of the revenue tax on notes, and that these envelopes were ordinarily used in Wall street in similar transactions.

Defendant called one Allis as a witness, who testified in substance that at the instance of defendant he called at plaintiff's office and asked its secretary if it would loan on Georgia State bonds. That he informed the secretary that the loan was for one Kimball and that the application for the loan would be by defendant, a broker in railroad iron and supplies. Upon receiving an affirmative answer he went with defendant and introduced him to the secretary, and a loan of $50,000 was negotiated with such bonds as collateral. That subsequently he asked the secretary if he would make a further loan on Georgia bonds, advising him it was to the same parties; the secretary agreed to make the loan. Defendant was then called as a witness on his own behalf, and asked to state what took place at the time of making the loan in question. This was

objected to on the ground that the written contract could not be varied by parol evidence. The objection was overruled and plaintiff excepted. The witness stated in substance that he went to plaintiff's office in June, 1871, with one hundred Georgia bonds, and stated to the secretary that he was advised by Mr. Allis that he would loan on the bonds, which he handed to the secretary, who asked to whom the check should be made. The witness answered to his order, and upon receipt thereof, at the request of the secretary he wrote his name upon the envelope in which the bonds were placed. Defendant also proved that the bonds belonged to Kimball, who was a contractor engaged in building a railroad in Georgia; that the loan was made for his benefit and that he received the avails.

Further facts appear in the opinion.

*Wheeler H. Peckham* for appellant. When a memorandum of a contract is made and signed at the time of the contract, it becomes the exclusive evidence of the contract, and parol testimony is inadmissible to vary its terms. (*Newell* v. *Radford*, L. R., 3 C. P. 12; *Bonesteel* v. *Flack*, 41 Barb. 436; *Potter* v. *Hopkins*, 25 Wend. 414; *Beach* v. *Raritan, etc.*, 37 N. Y. 463–4; *Young* v. *Bushnell*, 8 Bosw. 21; *Northern R. R. Co.* v. *Page*, 22 Barb. 132; *Barnes* v. *Perine*, 9 id. 210; *Poller* v. *Le Roy*, 30 N. Y 550, 559; *James* v. *Patten*, 2 Seld. [6 N. Y.] 9–11; *People* v. *Gates*, 43 N. Y. 40.) The court will take judicial notice of a commercial practice that is universal. (*Thompson* v. *Davenport*, 2 Smith's Leading Cases, 375; *Smyth* v. *Anderson*, 7 C. B. 21–33; *Mahoney* v. *Kekule*, 14 id. 390; Hare and Wallace's Notes, 375, margin 381; 2 Kent's Com. 631, notes *a* and *b*; *Juillard* v. *Chaffee*, 92 N. Y. 529; *De Lavallette* v. *Wendt*, 75 id. 579, etc.) In no case where an instrument is not ambiguous — where it is not pretended that it does not state the true contract — will parol evidence be admitted to show that the person signing it was a mere agent, and that the understanding was that the principal only was to be bound.

(*Chappel* v. *Dann*, 21 Barb, 17 ; *William* v. *Christie*, 4 Duer, 29, 36 ; *Fitch* v. *Montgomery*, 13 N. Y. Weekly Dig. 130 ; *Higgins* v. *Senior*, 8 M. & W. 834; *Ford* v. *Williams*, 21 How. [U. S.] ; *Coleman* v. *The Bank*, 53 N.Y. 393 ; *Stackpole* v. *Arnold*, 11 Mass. 27 ; 1 Am. L. Cases, 635 *et seq. ;* 2 Smith's Lead. Cas. 226 ; *Jones* v. *Littledale*, 6 A. & E. 486 ; *Skelton* v. *Dustin*, 8 Cent. Law J. 162 ; *Bast* v. *Bank*, 101 U. S. Sup. Ct. 93.)

*Robert F. Little* and *Ashbel Green* for respondent.   Admissions, whether oral or written, may always be contradicted. (*Juillard* v. *Chaffee*, 92 N. Y. 535 ; *Ellis* v. *Williard*, 9 id. 531 ; *McMaster* v. *President, etc.*, 55 id. 228 ; *Stanton* v. *Miller*, 58 id. 203 ; *Smith* v. *Holland*, 61 id. 635 ; *Wake* v. *Harrop*, 6 H. & N. 775 ; 30 L. J. Ex. 277 ; *Rogers* v. *Hadley*, 2 H. & C. 227, 249 ; 32 L. J. Ex. 241 ; *Grierson* v. *Mason*, 60 N. Y. 397.)   Even in the case of a conceded " contract," if any particular of the contract is ambiguous, the question becomes one to be settled by the jury upon such evidence, written or oral, as the parties may adduce.   (*Field* v. *Munson*, 47 N. Y. 223 ; *Fabbri* v. *Phœnix Ins. Co.*, 55 id. 133 ; *Knapp* v. *Warner*, 57 id. 460 ; *Wormuth* v. *Tracy*, 15 Hun, 183 ; *Pitney* v. *Glens Falls Ins. Co.*, 65 N. Y. 13 ; *Hutchings* v. *Hebbard*, 34 id. 26 ; *Richards* v. *Millard*, 56 id. 578.)   The exception to that part of the charge which submitted to the jury the question whether the envelope was or was not the contract between the parties " is untenable."   (*Beach* v. *Raritan Co.*, 37 N. Y. 462.)   The General Term rightly held that plaintiff must be held to the theory adopted by himself at the trial. (*Scattergood* v. *Wood*, 79 N. Y. 265 ; *Home Ins. Co.* v. *Western, etc., Co.*, 51 id. 96 ; *Baird* v. *Daly*, 68 id. 549 ; *Remington, etc.*, v. *O'Dougherty*, 81 id. 485 ; *Wiseman* v. *Whitney*, 94 id. 308 ; *Baulec* v. *N. Y. & H. R. R. Co.*, 59 id. 366 ; *Pollock* v. *Pollock*, 71 id. 153 ; *Claflin* v. *Meyer*, 75 id. 266 ; *Commissioners* v. *Clark*, 94 U. S. 284.)   Where evidence has been given on both sides the court must nonsuit, or direct a verdict if the evidence is " so slight that it would be the duty

of the court to set aside a verdict based upon it." (*Deyo* v. *N. Y. C. R. R. Co.*, 34 N. Y. 13 ; *Babcock* v. *Libbey*, 82 id. 150 ; *Randall* v. *Balt. & O. R. R. Co.*, 109 U. S. 482.) The delivery of a check, or even the transfer of money, is presumed to be in payment of a past debt, and is, by itself, no evidence of a loan. (*Bogart* v. *Morse*, 1 Comst. 378 ; *Aubert* v. *Walsh*, 4 Taunt. 293 ; *Welch* v. *Seaborn*, 1 Stark. 474 ; *Lloyd* v. *Sandelands*, Gow. N. P. 15 ; *Graham* v. *Cox*, 2 C. & K. 702 ; *Carry* v. *Gerrish*, 4 Esp. 9.)

MILLER, J.    The indorsement upon the back of the envelope, in which were the bonds, upon which the money was loaned by the plaintiff, did not, of itself, contain all the necessary language required to make a complete contract and was very informal and imperfect. There was no promise to pay, no agreement by the defendant, in fact, to do any thing. The indorsement gives the name of the defendant at the top of the envelope and his address, but it does not state that he was the borrower, or the agent, or in what capacity he acted, nor does it appear for what purpose his name and address were placed where they were written. It may have been made as a mere memorandum to show who delivered the bonds and to whom the money was paid, and thus preserve a record of the transaction in the office of the company. It may well have been that Whiton consented to indorse his name and address upon the envelope so that the plaintiff might be able to reach him if it had occasion to communicate with the borrower or to determine to whose order the check should be drawn. It is to be presumed that if the defendant was not the borrower he would have refused to sign a declaration to the effect that he was, and, as no such declaration was signed by him, the signature of his name and his address in the form in which it was made, cannot be considered as an acknowledgment of an indebtedness or that the defendant was the borrower. It is true that the indorsement on the envelope gives the name of the lender, the amount, the time of payment and the rate of interest, as well as a list of the securities, but it does not obligate any person to

pay the amount and there is no agreement to that effect. It is by no means clear that it was not intended merely as a memorandum or statement of the loan made upon the bonds without any regard to the person who borrowed the money, or any reliance upon the personal security of the borrower.

Instruments which are somewhat informal and which do not contain all the phraseology necessary to constitute a perfect contract are sometimes upheld as such, but in such cases the language employed contains indications from which it may be fairly inferred what was the actual intention of the parties as to the contract. No decided case holds that a writing as imperfect, informal and defective as the indorsement upon the envelope containing the bonds upon which the loan was obtained from the plaintiff, is obligatory upon the party named in connection with the same. The indorsement in question did not, of itself, contain the essential elements and the proper language to bind the defendant as would be the case if it were an independent contract.

It is very uncertain whether it was designed to bind the defendant at all or to regard him as the borrower of the money loaned upon the bonds, or whether it was regarded as a contract in itself. It was certainly very doubtful and ambiguous in its terms, and upon its face presented a case where it was competent to introduce evidence for the purpose of showing what the parties actually meant. Where the language of an instrument is ambiguous, evidence of the surrounding circumstances may be resorted to for the purpose of determining what the real intention is. (*Brill* v. *Tuttle*, 81 N. Y. 454.) Parol evidence may also be introduced to show that even when a writing purports to be a contract it may not be such. (*Grierson* v. *Mason*, 60 N. Y. 397.) In the case last cited the defendant had proved a contract and the plaintiff proved an instrument which altered the contract. The defendant introduced evidence to show that the instrument was not intended as an alteration of the contract, but was executed with the view of accomplishing a particular purpose. It was there laid down that such evidence was not given to change the written con-

tract by parol, but to establish that such contract had no force, efficacy or effect; that it was not intended to be a contract, and that such evidence did not come within the ordinary rule of introducing parol evidence to contradict written testimony, but tends to explain the circumstances under which such an instrument was executed and delivered. It is also stated that the purpose for which a writing was executed may be proved by parol when not inconsistent with its terms. If the rules stated are applicable where there is a complete contract, much stronger reasons exist for invoking them where the terms of the contract are uncertain and ambiguous, as is the fact in the case at bar.

The rule appears to be well settled that, even although a contract is made out, if any ambiguity arises in reference to any portion of it, the question presented is one of fact for the consideration of the jury, upon such testimony, either in writing or oral, as the parties are able to present. (See *Brill* v. *Tuttle*, 81 N. Y. 460; *Field* v. *Munson*, 47 id. 223, and *Fabbri* v. *Phœnix Ins. Co.*, 55 id. 133.) The cases are numerous which sanction the introduction of evidence which will cast light upon those terms in the contract which are not clear and explicit, and serve to explain what the real intention of the parties was. This rule has been held to apply particularly to insurance cases of an analogous character where the language is uncertain and ambiguous as to the interest intended to be insured, and it is held that parol evidence is admissible to place the court in a position to be able to ascertain what interest the insured has, and what was intended to be covered by the policy. (*Pitney* v. *Glens Falls Ins. Co.*, 65 N. Y. 13.)

In the case under consideration, there is nothing in the writing which indicates the object which the defendant had in view when he wrote his name and address at the top of the envelope, or whether he assumed any obligation or made any promise, or had any interest whatever in the matter, and it was certainly competent to prove by parol testimony the facts connected with, and the circumstances surrounding the transaction. The parol evidence introduced by the defendant established that

his name was written on the envelope after the loan had been made upon collaterals belonging to one Kimball, over whose affairs the defendant had some control; that plaintiff was advised for whom the loan was being made; that the secretary of the company asked to whose order the check should be drawn, thus indicating that he did not at the time suppose or understand that he was dealing with the person for whose benefit the money was obtained.   Upon the testimony, it was a fair question for the determination of the jury whether the defendant intended to make himself personally liable for the loan which was obtained on account of another, and not for himself.   The evidence introduced did not contradict the indorsement upon the envelope, and was not inconsistent with it. The purpose not being apparent, the proof introduced to show it was in entire harmony with the writing itself.   It removed all question, and cleared up any uncertainty which might exist as to the object of the defendant in writing his name and address on the envelope.   In any point of view in which the subject may be considered, the parol testimony was properly received, and no error was committed by the judge in its admission.

Numerous cases sustain the rule that admissions, whether oral or written, may be explained or contradicted by parol or other evidence.   (*De Lavallette* v. *Wendt*, 75 N. Y. 580 ; *Juillard* v. *Chaffee*, 92 id. 535 ; *Ellis* v. *Willard*, 9 id. 531; *McMaster* v. *President*, etc., 55 id. 228; *Stanton* v. *Miller*, 58 id. 203 ; *Smith* v. *Holland*, 61 id. 635.)   But inasmuch as the question here presented relates to the uncertainty and ambiguity of the indorsement on the envelope, it is unnecessary to invoke the application of this rule in order to sustain the decision of the court allowing the introduction of parol evidence.

Nor was any error committed by the judge in submitting the case to the jury upon the evidence.   The only exception taken was to that portion of the charge which submitted the question to the jury, as to whether the indorsement on the envelope was or was not a contract between the parties.   If the parol evidence was competent, as we think has already been

shown, then no error was committed in this respect. If the contract was imperfect and incomplete, no injustice could result to the plaintiff by submitting that question to the jury, as such submission was quite as favorable to the plaintiff as was warranted by the evidence. As the jury found that the indorsement was not a contract, and as none was otherwise shown, no cause of action was made out against the defendant.

The evidence introduced by the plaintiff, showing that the custom and habit of business of the plaintiff was not to take notes, but envelopes of the character of the one in question, for the purpose of avoiding the use of revenue stamps, and that the use of such envelopes was common at the time, cannot, we think, affect the character of the indorsement upon the envelope. Its interpretation must be determined from the language employed and the circumstances connected with its use as proved upon the trial, and cannot be altered or changed by proof of the custom referred to. The existence of a custom cannot overrule the terms of a contract ambiguous on its face, and the explanation given by parol evidence showing what was really intended by the parties.

The appellant's counsel claims that, as the defendant was acting in the same character as a broker for a foreign principal, he will be presumed to be such principal. Assuming the correctness of this position, as it is not apparent from the indorsement on the envelope that any obligation was incurred by the defendant, and as the oral evidence introduced to explain the intention of the parties showed that the loan was made for the benefit of the real principals, whose names were disclosed, there is no valid ground for claiming that the rule stated is applicable and should control in fixing the defendant's liability.

No other exception was taken upon the trial which demands special attention.

The judgment should be affirmed.

All concur.

Judgment affirmed.