HIRAM D. HURD *et al.*, Respondents, *v.* LORENZO J. BOVEE *et al.*, Appellants.

LORENZO J. BOVEE *et al.*, Appellants, *v.* HIRAM D. HURD *et al.*, Respondents.

*Supreme Court, Fifth Department, General Term, October* 19, 1889.

*Evidence. Parol.*—Parol evidence is admissible to show the true contract and supply the deficiencies in a memorandum of sale which fails to state the price of one of the items, and states the terms of payment for all the items ambiguously.

Appeal from judgment entered on the report of a referee.

*W. J. Peck,* for appellants.

*N. Morey,* for respondents.

DWIGHT, J.—These were cross actions ; the first was for the price of a quantity of lumber sold and delivered ; the second for damages for the non-performance of a contract for the sale and delivery of lumber. The alleged defense in

the first action was the cause of action alleged in the second.

At the time of the bargain for the lumber, a memorandum was made by the plaintiff, Hauenstein, and signed by him in the name of his firm, and delivered to the defendant Bovee. It was in the following words:

"BUFFALO, N. Y., *May* 13, 1880.

"Sold to Messrs. Bovee & Kelsey, to be delivered on cars here, 100 M. 1-inch shipping culls, to be shipped before July 1st, at $11.25, they to pay the B. C. railway charges, and 100 M. 1-inch shipping culls, to be shipped after August 25 and before Oct. 1, at $11, and 100 M. 16¾-inch and up wide coffin boards, sound, common, seasoned eight months. Terms two months.

(Signed.)     "HURD & HAUENSTEIN."

On the trial, evidence was received on the part of the plaintiffs, in the first action, to show what was the whole of the contract between the parties. The evidence was objected to and the exception to its admission presents the question principally discussed as the ground of this appeal. We think the evidence was properly admitted, because the memorandum showed on its face that it did not contain a complete contract between the parties. There is no price fixed for the 100,000 feet of wide boards, nor any time fixed at or within which that portion of the lumber should be delivered. Moreover, the language "terms two months" is manifestly ambiguous. Does it mean two months credit on each delivery of the lumber sold, or two months credit on the whole, after the last shipment shall be made? And the memorandum is all the more uncertain in this respect because no time is fixed or limited for the shipment of the last-mentioned 100,000 feet of lumber. The oral evidence of the contract actually made seems to have been properly received for the reasons stated, and under the authority of such cases as Union Trust Company *v.* Whiton, 97 N. Y. 172, and Brigg *v.* Hilton, 99 Id. 517, 526.

The evidence on both sides shows that the provision for two months time, indefinite as it was, was not in the memorandum when it was signed, but was added on the suggestion of the defendant, Bovee, that the terms of sale were omitted.

The oral evidence being admitted, the referee was justified in finding that the credit to be given was two months on each delivery, and not on the entire amount of lumber after the whole should be delivered. It could hardly have been the latter, in view of the fact that the period of delivery of the first two lots of lumber covered nearly five months of time, and therefore, on the defendant's theory, the credit to be given to them would have varied from two to seven months, even supposing the last-mentioned lumber was to have been delivered within the time prescribed for the delivery of the former lots.

The oral evidence received justified the further finding in addition to the facts evidenced by the memorandum, that the defendants were to give their notes for the several deliveries of lumber, at two months, and that they were to pay for the last lot of wide boards at sixteen dollars per thousand feet. There was nothing in the evidence thus received to contradict or vary any of the terms contained in the written memorandum. It merely supplied some details essential to the contract, but omitted from the memorandum, and, in one case, resolved a patent ambiguity in respect to the terms of payment.

The contract being thus established, there could not well be any question, on the facts, of the right of the plaintiffs in the first action to recover. They first, on May 28th, shipped to the defendant's order about 60,000 feet of the shipping culls, which were accepted and paid for, as the contract provided, by the defendant's note at two months. With the transmission of this note the defendants requested the plaintiffs to ship no more until further orders. Accordingly the plaintiffs made no further shipment until July 31st, when,

by further direction of the defendants they shipped about 50,000 feet of the same class of lumber, to the same consignees, named by the defendants, which was refused by the consignees as not being in compliance with their, the consignees', contract with the defendants; and the plaintiffs, while protesting that it was in compliance with *their* contract with the defendants, finally consented to take the lumber back. It is instructive, in respect to the completeness of the memorandum in evidence, to observe in this connection that the defendants rejected this lumber on the ground that some portion of it was less than six inches wide, and insisted that this was in violation of the contract actually made with the plaintiffs, although the width of the lumber is not mentioned in the memorandum.

Later, and shortly before the first of October, by direction of the defendants, the plaintiffs made another shipment of about 60,000 feet of the shipping culls, to the same consignees, which was accepted by the defendants as in compliance with the contract, but for which they did not pay by their note, or otherwise, and for which the recovery was had in the first of these actions.

The grounds assigned by the defendants for their refusal to give their note in payment for this shipment of lumber, was the same as that pleaded as a defense to the first action, viz.: that the contract was entire and that the plaintiffs were bound to deliver all the lumber mentioned in the memorandum before they were entitled to be paid for any. We have seen that this ground of defence was unavailing under the contract as established on the trial and found by the referee. That contract, the referee was justified in holding, was broken by the defendants and not by the plaintiffs.

There was an objection by the defendants to the reception of evidence relating to the two shipments of lumber which preceded that for which the recovery was had. The objection was not much insisted upon on the argument here, and it was clearly not well founded. The evidence furnished a

necessary part of the history of the transactions of the parties under their contract. It went to show the practical interpretation given to the contract by the defendants themselves, and that the contract had been performed by the plaintiffs up to the time of the refusal of the defendants to perform on their part.

On the whole, we regard the plaintiffs' case in the first action and their defense in the second as well supported in fact and in law.

Both the judgments should be affirmed.

BARKER, P. J., and CHILDS, J., concur.

NOTE ON " EXCEPTION TO RULE EXCLUDING PAROL EVIDENCE TO VARY A WRITTEN INSTRUMENT."

Two things are essential to bring a case within the exception which permits the introduction of parol evidence for the purpose of completing an agreement of which the writing is but a part: (1) The writing must not appear upon inspection to be a complete contract, embracing all the particulars necessary to make a perfect agreement and designed to express the whole arrangement between the parties. (2) The parol evidence must be consistent with, and not contradictory of, the written instrument. Thomas v. Scutt, 127 N. Y. 133.

Under the exception to the general rule prohibiting parol evidence to contradict or vary a written instrument, parol evidence is admissible only where it is consistent with the written instrument, and not where it contradicts or varies it. Woodard v. Foster, 45 N. Y. St. Rep. 77; Chapin v. Dobson, 78 N. Y. 74; Thomas v. Scutt, 127 Id. 133. Oral evidence is not admissible, under such exceptions to the rule, to show that, at the time of giving a deed, it was agreed that the grantor should have the use of the premises during his life and pay taxes and keep the premises in repair. Woodard v. Foster, ante.

Where the whole contract is not in writing, parol evidence may be resorted to, to prove it. Work v. Beach, 59 Hun, 625.

Where the writing contains the undertaking of one party, and that of the other rests in parol, oral evidence is admissible to show the whole contract. Curtis v. Solteau, 16 Daly, 490; Tocci v. Arata, Id. 494.

An agreement, not embodied in the written, sealed instrument, can be proved by parol, whether it was made before, at time of, or after such instrument. Applebee v. Duke, 59 Hun, 626.

The exception to the rule that parol evidence is inadmissible to vary a

written contract, does not apply to an instrument, which upon its face indicates that it was intended to contain the entire agreement. Moores v. Glover, 37 N. Y. St. Rep. 396.

A distinct collateral agreement, not inconsistent with a written one, not containing the whole contract, will be enforced. Ward v. Cowdrey, 51 Hun, 641.

The time to begin the performance may be supplied by parol, if the contract is silent on the subject. Case v. P. B. Co., 58 Supr. 435.

Evidence to explain abbreviations in the memorandum of sale is admissible. Chittenden v. Morris, 52 Hun, 601.

Parol evidence to complete an insufficient memorandum, required by statute of frauds, is admissible, when performance has taken it out of the operation of the statute. Routledge v. Worthington Co., 119 N. Y. 592; rev'g 23 J. & S. 565.

In a broker's action for commissions upon a sale of land, the written contract of sale between the vendor and vendee is a collateral matter to which the broker is neither a party nor a privy. Condit v. Cowdrey, 123 N. Y. 463. Where the paper itself, in such case, does not purport to contain the entire contract, either party is at liberty to prove by parol what the actual contract was. Id.

Vendee may, in an action by a broker for his commission, show the oral agreement as to brokerage, though not contained in the written contracts between him and vendor. Bab v. Hirschbein, 35 N. Y. St. Rep. 580.

Where a written contract provides for the performance of the work with reference to certain plans and specifications annexed, and no such plans or specifications were annexed, oral evidence is properly received to show what specifications were in fact agreed upon. Haag v. Hillemeier, 120 N. Y. 651.

Evidence as to an arrangement for computing profits, is admissible, where the written contract is silent upon the subject. Briggs v. Groves, 56 Hun, 643.

Where the description contained in a deed, leaves the intent of the parties uncertain, their declarations and acts may be shown by parol. Harris v. Oakley, 130 N. Y. 1.

Contemporaneous parol agreement, of which the assumption of a written lease is the consideration, is operative, and evidence thereof admissible. Sire v. Rumbold, 39 N. Y. St. Rep. 85.

Parol evidence is competent to explain the nature of a partnership business and identify the property referred to in an ambiguous agreement. Greenwood v. Marvin, 111 N. Y. 423.

A written release, where an agreement by parol for the settlement of an existing claim requires, as part of its consideration, the execution of such release, does not embody the agreement, and the rule against the introduction of parol evidence to explain a writing will not prevent the establishment of the new agreement by parol proof. Andrews v. Brewster, 124 N. Y. 433.

Where a certificate of deposit, issued by a bank, contains no provision for the payment of interest, it is incompetent to show a contemporaneous oral agreement that certain interest is to be paid.   Read v. Bank of Attica, 124 N. Y. 671.

Where, in an action on a contract, both parties have alleged in their pleadings that important provisions of their contract were not embraced in the bills of lading, it is competent for either to establish the omitted provisions by oral evidence. Doty v. Thomson, 116 N. Y. 515.