(96 Misc. Rep. 243)

## I. M. LUDINGTON'S SONS, Inc., v. FIDELITY & DEPOSIT CO. OF MARYLAND.

(Supreme Court, Special Term, Monroe County. July 17, 1916.)

*(Syllabus by the Court.)*

REFORMATION OF INSTRUMENTS ☞1—RIGHT OF ACTION.

An action in equity to reform a contract will not lie, thus depriving a party of his constitutional right to a jury trial for damages for a breach, where it appears that the intention of the parties can be determined by construction, and reformation is unnecessary.

[Ed. Note.—For other cases, see Reformation of Instruments, Cent. Dig. § 1; Dec. Dig. ☞1.]

Action by I. M. Ludington's Sons, Incorporated, against the Fidelity & Deposit Company of Maryland to reform an insurance policy. Judgment for defendant.

The plaintiff entered into a contract with the state of New York for the construction of certain work embraced in what is known as contract 62 for the construction of the Barge Canal, and George W. Beeman entered into a subcontract with the plaintiff for the construction of a part of the work, and applied to the defendant for a surety bond. The action was brought originally to recover upon an insurance policy issued by the defendant to the plaintiff in the sum of $1,950. The action came on for trial before a jury, and as a result of a discussion over the terms of the contract a juror was withdrawn and a mistrial declared. Thereafter plaintiff amended its complaint, so as to ask for the reformation of the contract, and upon the issues joined under the amended pleadings the case came on for trial at Special Term.

Lewis, McKay & Bown, of Rochester (Carlton F. Bown, of Rochester, of counsel), for plaintiff.

O'Brien, Boardman & Platt, of New York City (John Stull, of Rochester, of counsel), for defendant.

RODENBECK, J. So long as the constitutional right to a jury trial exists, a Special Term held by a judge without a jury must refuse to determine actions, the issues in which are properly triable by a jury. The distinction between law and equity in this state has been abolished, but this abolition did not take away a party's right to a jury trial as it existed prior thereto. By putting its case in the form of an equitable action the plaintiff cannot thereby deprive the defendant of its right to a jury trial, provided the plaintiff has an adequate remedy at law. Where the plaintiff, however, asks for relief which cannot be secured by an action at law, a court of equity may grant any incidental relief, by way of damages or otherwise, that the facts warrant. To justify a recourse to equity, however, the case must be one in which the defendant is not entitled to a jury trial of the issues presented. The reformation of a contract is not one of those cases in which a party is entitled to a jury trial, and is therefore cognizable by a court of equity, but to confer jurisdiction there must be a contract to reform, which expresses something different from that which the parties intended, and not merely a contract calling for construction. If the intention of the par-

☞For other cases see same topic & KEY-NUMBER in all Key-Numbered Digests & Indexes

fies can be ascertained by construction, the case is one for a jury for damages under the contract, and this right cannot be evaded by claiming the right to a reformation.

The contract in question calls for construction, and not reformation, and the case is therefore not properly an equitable action, since the defendant is entitled to a jury trial of the question of damages under the contract as construed.  It is apparent on its face that it is a policy given by the subcontractor, Beeman, and the defendant, to secure the plaintiff.  It refers to Beeman as the "contractor" and the defendant as the "surety," and binds them to the plaintiff in a certain sum.  The first paragraph of the policy is entirely clear, and shows that it was an agreement on the part of Beeman and the defendant to secure the plaintiff in the sum of $1,950.  The third paragraph, beginning with the word "Whereas," contains the only ambiguity, and arises from the use of the word "contractor" in two senses—in one place referring to Beeman, and in the other place to the plaintiff.  The first portion of the paragraph provides that the above bounden contractor—that is, Beeman—agreed to do certain work and furnish certain materials "embraced in the contract between the contractor and the state of New York, known as contract 62."  If the term "contractor," used in the quotation, is construed to mean the plaintiff, as it undoubtedly does, the meaning is entirely plain.  Under this clause of the contract it is recited that Beeman had agreed to do certain work under plaintiff's contract, known as contract 62, and the defendant indemnified the plaintiff in the performance of Beeman's contract in accordance with its terms.  This was evidently the intention of the parties.  Beeman was not applying for a policy to protect the state of New York in the performance of its contract with plaintiff, but to protect the plaintiff in the performance of the subcontract which Beeman had for a portion of the work.  No other interpretation can be given to the instrument and make it a reasonable document.

For the purpose of ascertaining its meaning the entire instrument may be examined in the light of surrounding circumstances.  Clark v. Devoe, 124 N. Y. 120, 124, 26 N. E. 275, 21 Am. St. Rep. 652.  All ambiguity will be resolved against the party who prepared the contract.  Gillet v. Bank of America, 160 N. Y. 549, 554, 55 N. E. 292.  Ambiguous language will be interpreted as the promisor had reason to believe it was understood by the promisee.  160 N. Y. 555, 55 N. E. 292.  The court will look into surrounding circumstances to ascertain intention (160 N. Y. 555, 55 N. E. 292), especially where two interpretations are possible (White's Bank v. Myles, 73 N. Y. 335, 339, 29 Am. Rep. 157).  Where not inconsistent with its terms, the purpose for which the writing was executed may be proved by parol.  Union Trust Co. of New York v. Whiton, 97 N. Y. 172, 178.  Where there is an ambiguity in the language of the contract, the question presented is one of fact for the consideration of the jury as to what contract was made, upon such testimony, either in writing or oral, as the parties are able to present.  Union Trust Co. of New York v. Whiton, 97 N. Y. 172, 178.  These are well-known rules of interpretation, the application of which to this contract will afford the plaintiff all the relief to which it

may be entitled, without depriving defendant of its right to a jury trial on the question of damages.

Furthermore it does not appear that any mutual mistake was made. It is quite evident that Beeman intended to secure plaintiff, and the binder of defendant's agent shows that defendant had the same thing in mind. The application is not in evidence, but the policy itself shows that the parties intended to protect plaintiff against defaults on Beeman's part in the performance of his subcontract. Under this view of the facts the plaintiff is not entitled to a reformation of the contract, but it should amend its complaint and proceed to trial upon its contract as made.