IN THE MATTER OF THE ACCOUNTING OF ROBERT K. SMITHER, AS ADMINISTRATOR, ETC., OF CHARLES SMITHER, DECEASED.

ROBERT K. SMITHER, RESPONDENT.

ROBERT SMITHER AND ANOTHER, APPELLANTS.

*Gift* mortis causa —- *delivery* — *a check of one about to die is not a valid gift* mortis causa.

The plaintiffs' intestate being at the point of death, and desiring to give to the respondent a sum of money then on deposit to his credit in a bank, delivered to him a check upon his bank for the amount of the deposit.

*Held*, that the delivery of the check was not a sufficient delivery of the money to render the gift valid and effectual.

APPEAL by the present administrators from a decree of the surrogate of Erie county, on the accounting of a former administrator of the same estate.

*C. F. Tabor*, for the appellants.

*Baker & Schwartz*, for the respondent.

DWIGHT, J.:

The question presented relates to an alleged gift to the respondent (the former administrator) by the intestate, of a fund or deposit belonging to the latter, in the Bank of Commerce in Buffalo.

By a decree of the surrogate dated February 28, 1882, the respondent was removed from the office of administrator of the estate of Charles Smither, deceased, and the appellants were appointed thereto. By the same decree the respondent was required "to account for all money and property received by him as administrator as aforesaid, and to pay and deliver over all money and other property in his hands belonging to the said estate, or received by him as aforesaid" to the appellants. The respondent made answer that, after the issuance of letters to the appellants, he had paid over to them all the property of every name and nature which he then had as administrator, or otherwise belonging to the

deceased, and that he had not (at the time of his answer) any property of any kind to his knowledge belonging to the estate. The appellants objected to such answer or account, that it failed to charge the respondent with an item of $2,101.13, which was paid to him as administrator of said estate by the Bank of Commerce in Buffalo, on or about the 11th day of February, 1882, and which belonged to said estate. Upon a hearing of the parties in reference to the accounting, proofs were taken from which the following facts appeared : On the 11th day of January, 1882, Charles Smither, the intestate, deposited in the Bank of Commerce, in Buffalo, the sum of $2,101.13, and received a certificate of deposit therefor in the usual form " payable to the order of himself on the return of this certificate properly endorsed." The intestate died January, 28, 1882 ; two hours before his death he requested the respondent to draw a check on the Bank of Commerce for the amount of his deposit, and dictated the form of the check substantially as drawn ; half an hour later the check was drawn by the respondent, and signed by the intestate as follows :

No. BUFFALO, N. Y., *January* 28, 1882.

Pay to the order of R. K. Smither the amount of my deposit, and charge to account of

CHARLES SMITHER.

$ . . . . .

The check after it was signed was handed to the respondent. Immediately after the death of the intestate the respondent presented the check for payment, which was refused on the ground that the bank could not pay a check after the drawer was dead. On the tenth of February the respondent was appointed administrator, and on the next day, on presentation to the bank of a certificate of his appointment, and the indorsement of the certificate of deposit by him as administrator, the money was paid to him.

The surrogate found the foregoing facts, and that at the time of the execution and delivery of the check the intestate was at the point of death, but of sound mind and disposing memory, and desired and intended to make a gift *causa mortis* of said deposit to his brother Robert. He also found as a conclusion of law that the execution and delivery of the check constituted an equitable

assignment of the deposit and a valid gift *causa mortis*, and operated to vest in the respondent the title to the moneys represented by the certificate, and the decree was made accordingly from which this appeal is taken. So that the question is presented whether the delivery of an executory order for the payment of money, as a check on a bank, is a sufficient delivery to effectuate a gift of the fund.

The question seems to have been settled in the negative by repeated adjudications. Many of the cases are collated in the opinion of the Supreme Court of the United States, by MATTHEWS, J., in the case of *Basket* v. *Hassell* (decided March 26, 1883, reported in 17 Abb. L. J., 367). That case was not, itself, in point, for there the delivery was of the certificate of deposit itself, under the condition indorsed, that it should not be paid until after the death of the donor. But in the general consideration of the subject, the court cites with approval a number of cases which are directly in point; among them that of *Harris* v. *Clark* (3 Comst., 93), in which it was held, that a written order upon a third person, made by the donor, was not the subject of a valid gift, either *inter vivos* or *mortis causa;* and *Hewitt* v. *Kaye* (L. R., 6 Eq., 198), which was the case of a check on a bank drawn by the donor, where the master of the rolls stated very clearly the distinction between the gift of a chose in action, viz., the evidence of indebtedness of a third person, and the gift of a promise to pay or order for payment of the donor himself, and the distinction is illustrated in numerous other cases cited. Among them *Westerlo* v. *De Witt* (36 N. Y. 340), where it was held that the delivery of a certificate of deposit would constitute a valid *donatio mortis causa*, the certificates of deposit being a subsisting chose in action and representing the fund it describes, so that the delivery of it constitutes an equitable assignment of the money for which it called. Whereas, in *Second National Bank of Detroit* v. *Williams* (13 Mich., 291), it was held that a check upon a bank account is not of itself an equitable assignment of the fund; it is a mere order or request to pay and, until accepted by the drawer, constitutes no claim or cause of action against him.

The authorities seem to be very explicit and quite numerous to the effect that the delivery of the check or order of the donor for

the payment of money to the donee is not an executed gift, and unless the money is obtained before the death of the donor it is not a valid gift *mortis causa*.

The same authorities it is seen dispose of the alternative finding of the surrogate, that the delivery of the check was an equitable assignment of the fund. They hold the contrary, no doubt upon the same general principle as in the case of *Tallman* v. *Hoey* (N. Y. Court of Appeals, 15 Week. Dig., 348), where it was held that a valuable consideration is an essential and necessary element of an equitable assignment; and in *Brill* v. *Tuttle* (81 N. Y., 454), where it was held that the doctrine of equitable assignment does not apply to uphold an unexecuted or imperfect gift.

A careful examination of these authorities will I think disclose the same general principle as the ground of them all, namely, that to effectuate a gift there must be an actual delivery to, and possession by the donee of the subject matter of the gift. If it be a gift of money the money must be delivered to, if it is not already in the possession of the donee. (*Champney* v. *Blanchard*, 39 N. Y., 111.) If it be of a chose in action, as a claim against a third person, there must be a delivery of the evidence of indebtedness. And it is under this latter rule that the delivery of certificates of deposit and of savings bank books have been held sufficient to effectuate the gift of the fund represented thereby. They are choses in action, or evidences of indebtedness enforceable against the institutions or individuals by whom they are issued; whereas a promissory note or check of the donor himself is his mere voluntary promise or direction to pay, which of itself is enforceable against nobody. In the case of the chose in action the evidence of indebtedness of the third person is all the donor himself possesses of the subject matter, and therefore, in the nature of things, all he can deliver. In the case of the check the fund upon which it is drawn is within the donor's control and may itself be made the subject of delivery.

We find the rule as contended for by the appellants well founded in principle and amply sustained by authority, namely, that the delivery of a check or order for the payment of money is not of itself sufficient to effectuate a gift of the fund upon which it is drawn.

The decree appealed from must therefor be reversed and a

rehearing of the matter of the respondent's accounting be had before the surrogate of Erie county, with costs of the appeal.

All concur.

Present — SMITH, P. J., HARDIN and BARKER, JJ.

Decree of the surrogate reversed, with costs of appeal, and proceedings remitted to the surrogate of Erie county.