JOHN BELL, Respondent, *against* JOHN B. SMITH, Appellant.

(Decided June 7th, 1886).

Defendant agreed to loan to S. a sum of money upon certain unfinished houses, to secure which loan S. made to defendant a bond and mortgage, in which the loan was spoken of as being for advances by defendant to S. " to aid her in completing the four dwelling houses now in course of erection upon the lands described in the mortgage." S., before receiving the whole amount, gave to plaintiff an order from defendant for a sum less than the balance remaining in defendant's hands, S. being at the time indebted to plaintiff to at least the amount of the order for materials already used in the buildings. *Held,* that the delivery of the order to plaintiff operated as an assignment of the fund to the amount specified; that the words of the bond and mortgage quoted above did not bind S. to any particular application of the money; and that even if they did she could properly use a part of the money in paying debts already due for materials used upon the buildings.

APPEAL from a judgment of the General Term of the City Court of New York affirming a judgment of that court entered upon the report of a referee.

Bell *v.* Smith.

The facts are stated in the opinion.

*A. C. Fransioli*, for appellant.

*L. A. Gould*, for respondent.

ALLEN, J.—This action was brought to recover $900 upon an order dated February 11th, 1884, which was in the following words :

"NEW YORK, February 11th, 1884.
"Mr. J. B. SMITH :

"Please pay to John Bell or order the sum of nine hundred dollars on account of my contract with you for loans on my 115th St. houses, and charge the same to my account.
"Respect'y,
"MARGARET SCHMITT.
"By Frank Schmitt, Att'y."

Previous to the drawing of this order the defendant had agreed to loan Margaret Schmitt the sum of four thousand dollars upon four houses in 115th Street, which were unfinished ; and to secure said loan of four thousand dollars the said Margaret Schmitt had, on or about the 18th of January, 1884, executed and delivered to the defendant her bond and mortgage. In the bond and in the mortgage this loan of four thousand dollars was spoken of as being for advances to that amount to be made by the party of the second part to the party of the first part "to aid her in completing the four dwelling houses now in course of erection upon the lands described in the mortgage, the same to be repaid on demand, with interest from the date at which such advances shall be respectively made."

At the time this order was drawn the drawer, Mrs. Schmitt, had to her credit on the designated account a balance of about eleven hundred dollars. When the order was presented to the defendant he refused to pay it, although at the time of presentation he had in his hands the said bal-

ance.   It appears that notwithstanding this order the defendant afterward paid over to Mrs. Schmitt the money above mentioned.   It is also shown that at the time the order was given Margaret Schmitt was indebted to the plaintiff in a sum equal to or larger than that named in the order, for materials which had already been used in the buildings.    There was, therefore, a good and valid consideration for the order when it was given.

The facts above recited are established by the evidence and are found by the referee ; and upon these facts the referee has correctly decided that if the fund in the hands of the defendant was capable of being transferred by the said Margaret Schmitt, the delivery of the order to the plaintiff operated as an assignment of the fund to the amount specified in the order.   This rule is well settled.   In *Brill* v. *Tuttle* (81 N. Y. 454), Judge RAPALLO says :   " When, for a valuable consideration from the payee, an order is drawn upon a third person, payable out of a particular fund then due or to become due from him to the drawer, it operates as an assignment, *pro tanto*, of the fund ; the drawee is bound, after notice thereof, to apply the fund to the payment of the order."    And in this case it was the plain duty of the defendant (provided Margaret Schmitt had the right to transfer any part of the fund), to apply the money to the payment of the order after it had been presented to him and after notice of the plaintiff's rights ; and when he afterward paid it over voluntarily to the drawer he did so in his own wrong.

It is claimed on the part of the defense that the words used in the bond and mortgage, that the loan was " to aid her in completing the houses' now in course of erection " etc., bound Mrs. Schmitt to use all of the four thousand dollars for that purpose, and therefore she had no right to assign any portion of the money to the plaintiff.   We do not think that this amounted to an agreement that the defendant was to control Mrs. Schmitt's expenditure of the money loaned her or could interfere with her discretion or judgment as to the application of any part of it, or that the

surrounding circumstances and the acts of the parties indicate such an intention or understanding. These words seem to have been used to indicate the general purpose for which the loan was obtained and not for the purpose of binding her to any particular application of the money. But even if the words used did create an obligation on the part of Mrs. Schmitt to use all the said money to aid her in the completion of the buildings (although we do not think they did), we are of opinion that there is force in the remark of the referee that she could properly use a part of the money in paying debts already due for materials used upon the buildings, thereby avoiding litigation and renewing or assisting her credit, and in this way be aided in completing the buildings.

The objection to the jurisdiction raised by the appellant is correctly decided by the referee (see *Morton* v. *Naylor*, 1 Hill 583).

We find no other matters presented by the case which we think require discussion. We see no error that would warrant us in interfering with the judgment. We think the decision of the court below was right and that the judgment should be affirmed, with costs.

BOOKSTAVER, J., concurred.

Judgment affirmed, with costs.