Dwight, P. J.
At the date of the order hereafter mentioned there was due and to grow due from the defendant to one Schenclc, on a building contract, more than $1,000, and Schenclc owed the plaintiff $1,000 for lumber. To pay his debt Schenclc gave the plaintiff an order on the defendant for $1,000, payable out of the moneys due and to grow due on the contract. Ho question i¡ made but that, under the doctrine of Brill v. Tuttle, 81 N. Y. 457, this order operated as an assignment pro tanio of the fund nor that, in the language of the same case, “ the drawee (in sucl an order) is bound, after notice of such assignment, to apply thi fund as it accrues to the payment of the order and to no othe purpose, and the payee may by action compel such application. The only question made by the defendant is whether there was h this case such notice to him of the assignment as bound him t make the application, and gave to the plaintiff the right of actio to compel it. The facts bearing upon that question are specif cally found by the court below.
The defendant was a German, unable either to read English c to understand it when spoken. The order was written in EnglisI It was exhibited to the defendant and read to him in Englis without conveying any information to his mind. As the Englis speaking agent of the plaintiff testified, “he was simply b< wildered.” Thereupon another representative of the plaintiff, wli spoke German, undertook to explain the matter to the defendan and the finding of the court in respect to that explanation is s follows:
“ Seventh. That this defendant was then informed in German t an agent of the plaintiff that said instrument was an order ar that defendant should sign it to secure the moneys therein me tioned to the plaintiff,” and this, upon the findings of the corn is all the notice which the defendant had of the nature and effe of the paper which he was called upon to “sign.”
The proposition seems hardly open to argument that this w not such notice to the defendant of an assignment by his credit of moneys due or to grow due on his building contract, as born him to withhold payment from his creditor, or, in default of doing, to pay so much of his debt a second time. So far as stated in the finding, the defendant was not even informed w drew the order, nor in whose favor it was diawn nor to whom a dressed, though if resort be had to the testimony of the witne we find that the defendant was told “ it was an order from Sehen to Crouch.” But he was not informed of the amount for whi the order was drawn, nor that it was drawn upon any particu fund. These omissions we regard as fatal to the plaintiff’s cc tention. In the case of Brill v. Tuttle, supra, the court, after f mulating the rule before stated in respect to the operation of order made payable out of a particular fund, proceeds to say tl *327 it is equally well established that a draft drawn generally, without regard to the source from which the money used for its payment is to be obtained, does not operate as ah assignment of any fund and must be duly accepted by the drawee before an action can be maintained against him.
For all the purposes of this action it is apparent that the order must be regarded as if it had been only what it was stated or explained to be to the defendant; and that was an order for no paricular sum, payable out of no particular fund, which the defendant was asked to “ sign ” in order to secure the payment of an imount not specified to the plaintiff. It is apparent that the facts bund do not meet the requirements of the rule, either in respect o the terms of the order or the notice to the defendant, which barges the drawee with liability in the absence of an acceptance if the order.
It appears that at the time of the commencement of the action here was remaining in the defendant’s hands, applicable to the lavment of the order in question, the sum of $153.90. The udgment should be reversed and a new trial granted, with costs of his appeal to abide the event, unless the plaintiff stipulates to educe the amount of the judgment on its face to the sum of 1153.90, and in that case the judgment as so modified should be firmed, without costs of this appeal to either party.
Macomber and Corlett, JJ., concur.