The Bradley Currier Company (Limited)

*v.*

Otto Bernz et al.

1. Contractors to erect buildings for B., having purchased materials from B. C. Co., which were used on the buildings, gave B. C. Co. an order addressed to B., which required him to pay B. C. Co. $515, "due them for windows, blinds and doors furnished for your buildings, Ninth street, city."—*Query,* whether the order impliedly directed payment from an indicated fund, so as to be an equitable assignment to the fund, *pro tanto,* or was merely an order drawn generally upon the payee, which must be accepted by him before suit can be maintained against him.

2. Where the owner of buildings, in process of erection under a contract which provided for payment to the contractors when the buildings should be completely finished, takes possession and rents the buildings prior to their completion, protesting, however, when asked to pay part of the contract price due only at completion, that the buildings are not completed, his taking possession is not a waiver of his right to withhold payment until the buildings shall be duly finished.

3. If a building contract provides that payment to contractors shall be made upon the certificate of an architect, in absence of fraud or waiver of the certificate, the owner may demand the production of such certificate, as a condition precedent to payment.

4. Where the contract provided that if the contractors should, at any time during the progress of the work, refuse or neglect to supply a sufficiency of materials and workmen, the owner should have power to provide them after

notice. to the contractors and deduct the expense from the contract price— *Held*, that, if the contractors refuse or neglect to complete the buildings, neither they nor those claiming under them can require the owner to complete the work, to the end that he may be compelled to account for the contract price, less the expense of the completion.

On demurrer to bill.

The bill alleges that a firm of builders, Koellhoffer & Koenig, agreed with the defendant Bernz to well and sufficiently erect and finish "buildings" for Bernz according to drawings and specifications prepared by Brade, architect, providing the needed materials for the carpenter work, for $2,975, to be paid as follows: One thousand dollars when the buildings shall be raised and sheathed, $900 when the buildings shall be enclosed, partitions set and floors laid, and $1,075 when the buildings shall be "all completed, as per the contract and specifications;" provided, that in case of each payment a certificate shall be obtained, signed by the architect, to the effect that the work has been done in accordance with the drawings and specifications, and that he considers payment due, and provided also that at each payment the contractors shall produce to the owner a release of all persons who shall either have furnished materials or have done work on the buildings, or who shall have a lien on the buildings and land, with an affidavit, by said contractors, that no person or persons other than those named in the release has any lien upon the buildings and land for work done or materials furnished for the erection thereof; that Koellhoffer & Koenig proceeded, under the contract, with the erection of the buildings and the complainant furnished them windows, blinds and doors, which they used in their work, worth $515, for which they gave the complainant this order:

"NEWARK, N. J., October 1st, 1892.

" *Mr. Otto Bernz:*

"DEAR SIR—Please pay to the order of the Bradley & Currier Co. (Limited) the sum of $515, due them for windows, blinds and doors furnished for your buildings, Ninth street, city.

" Yours respectfully,

" KOELLHOFFER & KOENIG."

Which order was served by the complainant on Bernz, October 3d, 1892; that on the 10th of November, 1892, the complainant demanded payment for the blinds, doors and windows so furnished from Koellhoffer & Koenig, and, payment being refused, caused notice to be served upon Bernz that there was due to it $515 for the blinds &c. aforesaid; that payment thereof had been refused by the contractors, and that he (Bernz) was required to withhold that amount from Koellhoffer & Koenig and pay it to the complainant; that in October, 1892, Koellhoffer & Koenig "substantially finished" the buildings and the "work to be done by them in accordance with the contract and delivered up to the said Otto Bernz possession of said buildings, and the said Otto Bernz entered into possession thereof, and during the said month of October and since that time, and prior to the commencement of this action, leased the said buildings to different tenants, and from the time of said leasing has received the profits and rents thereof;" that the complainant has demanded of Bernz payment of the $515, but Bernz has refused to pay, "claiming that the said Koellhoffer & Koenig had not entirely completed their said contract,    *   *   * and that some work remained to be done;" that Bernz also refused later, upon the demand and notice of the complainant, to proceed under a clause of the contract which gave him power to notify the contractors to proceed to complete their work, and upon their failure to comply with the notice, to complete it himself, and, after taking the cost of so doing from the moneys that might be due to the contractors under the contract upon the completion, pay the complainant its $515 from the residue; that the work remaining to be done is of "very trifling amount and in no way detracts from the full use of the said premises or from the income received by the said Otto Bernz therefor;" that Bernz and his attorney-at-law, to whom he has referred the complainant, upon the complainant's demand, have refused to state the amount due from Bernz to Koellhoffer & Koenig or to disclose what orders, notices or other claims have been presented against the amount due, and have refused to pay the money into court upon a bill of interpleader; that, upon inquiry of Koell-

hoffer & Koenig, the complainant has ascertained that the only claims for materials and labor unpaid are $19.73 due to one Goeller, and $51.69 to the Newark Lumber Company, a corporation of this state; that $1,175 or some part of it, more than sufficient to pay the $515 and the amounts due Goeller and the Newark Lumber Company, is due from Bernz to Koellhoffer & Koenig, and that the architect, Brade, did not superintend the erection of the buildings and did not give certificates for the two payments which Bernz made, and, when the complainant applied to him to ascertain if the work was complete, replied that he did not superintend the building, and had not given and would not give a certificate.

The bill prays, first, that Bernz, Goeller, the Newark Lumber Company and Koellhoffer & Koenig, who are the defendants, may answer; second, that Bernz and Koellhoffer & Koenig may make discovery of the names of the persons who have done work or furnished materials and remain unpaid, and the amounts and nature of their claims, and of the moneys paid by Bernz and to whom paid; third, that Bernz may be required to complete the building, if it is not already completed; fourth, that he may be required to pay the complainant's order for $515, and fifth, that the complainant may have such other and further relief as shall seem meet and proper and in accordance with equity.

To the bill the defendant Bernz demurs for the reason that the bill has not made a case for discovery or relief in equity because, first, it does not allege that the order for $515 was accepted by Bernz, or that he agreed to pay the amount of it, or that there is any contract between Bernz and the complainant by which Bernz is to pay it; second, it does not show that any money is due to Koellhoffer & Koenig (a) by their completion of their contract, (b) by their procurement of the releases of materialmen and workmen and an affidavit of Koellhoffer & Koenig as the contract requires; third, it does not allege a fraudulent arrangement between Koellhoffer & Koenig and Bernz, in pursuance of which Koellhoffer & Koenig have not completed the buildings or have failed to procure release and affidavit as aforesaid; fourth, it does not allege that the failure

to procure a certificate from the architect is the result of arrangement between Bernz and the architect or Koellhoffer & Koenig, or arises from any dishonest or fraudulent practice; fifth, it does not show that the failure of Bernz to proceed, after notice to Koellhoffer & Koenig to complete the work, was the result of arrangement with Koellhoffer & Koenig or defeats the complainant in its recovery; sixth, it does not show that the conditions precedent to payments have been fulfilled; seventh, it shows that if the complainant has any remedy it is at law.

*Mr. Elias F. Morrow*, for the demurrant.

*Mr. Elwood C. Harris*, for the complainant.

The Chancellor.

The complainant grounds its right of action upon two claims, one in virtue of the order of October 1st, 1892, which directs the defendant Bernz to pay it $515 which is due to it for materials furnished to Bernz' buildings, and the other in virtue of demand and notice under the third section of the Mechanics' Lien law. *Rev. p. 668.*

*First.* It is observed that the order does not expressly direct payment of the $515 out of a particular fund. It states that the money is due to the complainant for materials furnished for Bernz' buildings; but does that statement imply that the order is intended to be paid out of a particular fund, arising from the erection of those buildings, or is it merely a specification of the consideration which supports the order?

There can be no doubt that if the order, being founded on a valuable consideration from the payee, is drawn upon a particular fund due at the date of the order or thereafter to become due from Bernz to the drawers, it operated as an equitable assignment, *pro tanto*, of the fund, and upon its presentation to Bernz (although he did not accept it) fixed the portion of the fund assigned, in his hands, subject to the appropriation directed, and that upon the funds being or becoming available, it will be enforceable in a court of equity. *Bank of Harlem* v. *Bayonne, 3*

*Dick. Ch. Rep. 246; S. C. affirmed on appeal, 3 Dick. Ch. Rep. 646*, and cases cited. But if the order was drawn generally upon the drawee, to be paid by him on the credit of the drawers and without regard to the source from which the money to be used for its payment was to be obtained, it did not operate as an assignment, and the payee of the draft cannot have an action against the drawee unless the latter duly accepts the order (*Brill* v. *Tuttle, 81 N. Y. 457; 3 Pom. Eq. Jur.* § *1284*), in which cases the action will be at law.

To support an action in equity, for the purpose of enforcing payment of the money mentioned in the order, it must appear not only that the order was drawn upon a particular fund, but also that when the bill was filed such fund had become available, so that, in absence of the assignment, it would be recoverable in an action by the assignors. The assignee takes their place and right, as to the portion of the fund assigned, and cannot enforce the assignment before the assignors could have sued for the fund. As presently stated, I conclude that when the bill in this suit was filed, there did not exist a fund available either to the contractors or to their assignee. It is manifest, then, that it is not necessary to the disposition of this demurrer that I shall decide whether the order considered is an equitable assignment or a mere money draft which must be accepted before it can be sued upon.

*Second.* Where the statutory requisites exist, notice given according to the statute works an assignment *pro tanto* to the workman or materialman of the rights of the contractor against the owner. *Wightman* v. *Brenner, 11 C. E. Gr. 489; Kirtland* v. *Moore, 13 Stew. Eq. 110; Reeve* v. *Elmendorf, 9 Vr. 125.* But if when the notice is served on the owner, there be nothing owing to the contractor, and he is without right against the owner, the notice is without legal effect. *Craig* v. *Smith, 8 Vr. 549; Kirtland* v. *Moore, supra.* "The test," said Vice-Chancellor Van Fleet in the last-cited case, "is whether a suit for the money demand will lie by the contractor against the owner; if it will not, the owner is not liable to a suit by the workman or materialman."

*Third.* The bill admits that the buildings here involved were not completely finished. Its allegation is that they were "substantially finished," and that that which remains undone "is of very trifling amount, and in no way detracts from the full use of the said premises or from the income received by the said Otto Bernz therefor." It seemingly relies upon possession and use of the buildings by Bernz as a waiver of the completion of the "very trifling" remaining work. Its allegation is, that the contractors "delivered up to the said Otto Bernz possession of said buildings, and the said Bernz entered into possession thereof," and since taking that possession, has leased the buildings to various tenants, and has taken the profits and rents therefrom, but further on, it adds the allegation that when the complainant demanded of Bernz its $515, he refused to pay upon the ground that the contractors had not yet completed their work, and that some work yet remained to be done.

In *Bozarth* v. *Dudley, 15 Vr. 312,* Mr. Justice Magie said: "When a contract for erecting a building has not been so performed that a recovery can be had thereon, a recovery in *assumpsit* upon the common counts for work and materials furnished in the erection, will only be permitted when the owner has actually accepted the building erected. * * * Such acceptance by the owner may be express or implied from his conduct. It seems well settled that mere occupancy of the building by the owner, while appropriate, is neither presumptive nor conclusive evidence of acceptance. The reason is obvious. The building belongs to the owner of the land on which it stands. As was said by Lord Campbell, in *Munro* v. *Butt, supra (8 El. & Bl. 738),* 'the owner cannot be appropriately said to take possession of that which is thus affixed to his own land.' In the case to which Mr. Justice Magie thus refers, Lord Campbell added this : 'If, indeed, the defendant had done anything, coupled with the taking possession, which had prevented the performance of the special contract, as if he had forbidden the surveyor from entering to inspect the work, or if the failure in complete performance being very slight, the defendant had used any language or done any act from which acquiescence on his part might

Bradley Currier Co. *v.* Bernz.

have been reasonably inferred, the case would have been very different.' "

Here the only allegation is that the contractors delivered up possession and that Bernz entered. He entered upon his own property. It is not alleged that he obstructed the completion of the buildings, nor that he took possession without expecting that completion in the future. On the contrary, it is a significant circumstance that soon after, when the complainant demanded its money, he refused to pay, protesting that the work was not complete. It may be that the completion of the work was unduly delayed and that possession pending completion was taken so that income should become available and some return be had for the cost of the land and expenditures on the buildings, without any intention to waive the completion contracted for. As Lord Campbell intimates, something more than mere entry into possession by the owner is necessary to show the waiver contended for. Here, instead of having an additional circumstance in proof of waiver, we have the owner's protest that his buildings are not finished, and that consequently the last payment upon them is not due. I do not think that waiver of the completion has been shown.

*Fourth.* The point made by the complainant that the defendant Bernz should be compelled to proceed under a clause of his contract which permits him to do so, and notify the contractors to complete their contract work, and, in the event of their failure, to do it himself, and after deducting from the contract price remaining unpaid, its cost, account for the balance, to the end that its demand may be paid, has been dealt with adversely to this insistence in *Bernz* v. *Marcus Sayre Co., 7 Dick. Ch. Rep. 275, 284,* by the court of errors and appeals, upon the ground that such a clause in a contract similar to the one here involved conferred upon Bernz a privilege available to him if he wished to exercise it, which did not supersede or qualify the other provisions of the contract, and did not impose upon him any obligation or duty. And so, also, the same case deals with the duty of producing the architect's certificate as a condition precedent to the maintenance of an action for money under the contract, unless

2

it is waived by the owner.   It does not appear that such a certificate was waived in this case.   The facts that the first payments were made without it and that the architect did not in fact superintend the building, may be attributable to dereliction upon his part or to the fault of the contractors.   They do not prove the owner's waiver of the certificate.

The bill does not charge fraud, nor does it allege facts upon which a charge of fraud could properly be predicated.

. If there be no fraud available for claimants, there is nothing to raise question as to priorities among them and show the necessity of the discovery asked for.

No case for the interference of equity is presented.

The demurrer will be sustained and the bill will be dismissed, with costs.