## DANVERS v. LUGAR.

(Supreme Court, Appellate Term.   December 28, 1899.)

1. ASSIGNMENTS—FUND IN HANDS OF ANOTHER—PARTIES.

A., to whom certain payments under a building loan contract were payable, agreed to withhold a stated amount, and pay it to the contractor. The latter assigned a portion of this amount to a third person. *Held*, that the assignment was an assignment pro tanto of the fund, and the demand by the assignee for payment was notice of the assignment.

2. SAME—PARTIES.

An action at law would lie to recover the amount assigned without joining the assignor, who was estopped by the assignment from claiming the portion assigned.

Appeal from municipal court, borough of Manhattan, Tenth district.

Action by Robert J. Danvers against Frank Lugar.   From a judgment for plaintiff, defendant appeals.   Affirmed.

Argued before FREEDMAN, P. J., and MacLEAN and LEVENTRITT, JJ.

A. L. & S. F. Jacobs, for appellant.
James E. Kelly, for respondent.

FREEDMAN, P. J.   Some time prior to April 12, 1899, one Henry C. Lytton entered into a building loan contract with one Henriette K. White, by the terms of which he obligated himself to make certain specified payments to her as the work upon a building in course of erection upon premises belonging to her progressed.   Several of those payments, and, among others, the sixth and seventh, had been assigned by Mrs. White to Lugar, the defendant in this action,— for what reason does not appear.   On August 10, 1898, Mrs. White made a contract with the firm of John J. Radley & Co., by the terms of which they were to furnish certain ironwork for the building. On April 14, 1899, Radley & Co., claiming that their contract had been performed, applied to Mrs. White for the payment of the amount due them, and were referred to Lugar, by whom Mrs. White claimed payment was to be made.   After considerable conversation between John J. Radley, acting for the firm of Radley & Co., Thomas White, representing Mrs. White, and Lugar, the following instrument in writing was drawn and signed by Lugar, to wit:

"New York, April 14th, 1899.

"In consideration of certain accommodations granted me, I hereby agree to withhold from the sixth payment due on a certain building loan contract made between Henry C. Lytton and Henriette K. White, and which payments were assigned to me, the sum of $1,500, and from the 7th payment due on the above contract the sum of $2,000, and I also agree to pay the above amounts withheld to the firm of John J. Radley & Company, iron contractors.

"Frank Lugar."

On the 21st day of June, 1899, Radley & Co., by an instrument in writing under seal, assigned to Robert L. Danvers, this plaintiff, the sum of $240 out of the sum of $1,500 due them from Lugar by virtue of the foregoing agreement.   This action was brought by Danvers against Lugar to recover the amount assigned to him, and

he had a judgment therefor. Upon the trial the defendant admitted that the sixth payment referred to in the agreement between Lytton and Mrs. White had been paid to him on May 25, 1899, and that demand had been made upon him for the payment of the $240 out of such sixth payment on or about the 7th day of July, 1899. The disputed questions of fact as to the consideration for the contract between Radley & Co., and as to whether Radley & Co., at the time of the making of that contract, had fully performed their contract with Mrs. White, and for that reason became entitled to claim any sum from her, were decided by the trial judge in favor of the plaintiff; and his finding in that respect, having been based upon sufficient testimony, should not be disturbed upon this appeal. The only question worthy of consideration that is raised by the appellant is the point made by him that the plaintiff is the holder, by assignment, of only part of an entire indivisible claim, and can only enforce the payment of that portion claimed to be owned by him in an action in equity; and that the firm of Radley & Co. should have been joined as parties in an action in a court of equity. The case at bar seems to fall within that class of cases similar to Brill v. Tuttle, 81 N. Y. 457, and Lauer v. Dunn, 115 N. Y. 406, 22 N. E. 270. By the agreement made by Lugar a fund to accrue in futuro was designated, and by the subsequent payment to Lugar of the sixth payment under the Lytton contract that fund became vested in him, subject to the order of Radley & Co. upon the whole or any part thereof. The assignment to this plaintiff, by Radley & Co., of the sum of $240, was an assignment pro tanto of the fund, and the demand upon Lugar for its payment was notice to him, and upon his refusal to pay the same he became liable therefor to Danvers. Radley & Co. were estopped, by their assignment to Danvers, from claiming that portion of the fund so assigned by them, and it was not necessary that they should have been made parties in this action. The assignment by Radley & Co. of the sum of $240, to be paid out of the $1,500 due them from Lugar, was, in effect, an order drawn by them upon Lugar for that purpose, and Lugar, the drawee, was bound to apply the fund to the payment of the order, and for no other purpose. Brill v. Tuttle, supra. No equities existed between the parties requiring a resort to a court of equity to determine the rights of the parties to the transaction.

Judgment affirmed, with costs. All concur.