WILLIAMS et al. v. STATE.

(Supreme Court, Appellate Division, Third Department. May 4, 1904.)

1. SUBCONTRACTOR'S CLAIM AGAINST STATE—NOTICE—PAYMENT TO CONTRACTOR.
   After notice that a contractor has assigned a portion of the money to become due him to a subcontractor, the state cannot pay the contractor to the prejudice of the subcontractor, and successfully defend the latter's claim on that account.

2. COURT OF CLAIMS—JURISDICTION—SPECIAL STATUTE—CONSTRUCTION.
   Laws 1900, p. 1614, c. 755, conferring jurisdiction on the Court of Claims to audit and determine the claim of certain persons against the state, and providing that no award shall be made or judgment rendered against the state unless the facts proved shall make out a case which would create a liability against an individual or corporation, is merely a waiver by the state of its sovereign right to decline to answer in its own courts, and an authority to the Court of Claims to award judgment against the state upon facts warranting a recovery against a citizen of the state.

Appeal from Court of Claims.

Proceedings in the Court of Claims by Richard J. Williams and Edward Manogue, composing the firm of Williams & Manogue, for the collection of a claim against the state of New York. From a judgment dismissing the claim, claimants appeal. Reversed.

On the 25th day of September, 1897, the board of managers of the Long Island State Hospital made a contract with one George Fruh, in consideration of $76,900, which had been appropriated by the state for that purpose, for the heating, ventilating, and hot-water supply of the cottages connected with said hospital. The plans and specifications were prepared by the State Architect, and approved by the State Lunacy Commission. Shortly after, and on September 28th Fruh entered into a written contract with the claimants, by the terms of which the claimants agreed to perform certain of the work, and furnish certain of the materials called for by said plans and specifications, for

the sum of $23,300. On the same day, Fruh made a written assignment to the claimants of all his right, title, and interest to moneys due him, and to grow due on said original contract, to the extent of $23,300, "the engineer in charge of said contract work to allow, as said moneys became due, such payment to the said Williams & Manogue as the work so done by them may call for up to the time of said allowance." This assignment was filed the same day it was executed with the treasurer of the board of managers in the office where the treasurer's records were kept, and an abstract thereof was entered in a book kept in said office, which the law provided should be kept for such purposes. The date of filing was indorsed on the assignment, which remained in the office until after the claimants had completed their work. A copy of the assignment was on the same day mailed to the State Architect, and duly received by him. A copy of the subcontract between Fruh and the claimants was also filed with said treasurer shortly after the filing of the assignment. Subsequently, upon the completion of the whole work, a balance of $2,194.57 was still unpaid to the claimants, and Fruh having become insolvent, and the state refusing to pay this balance, a claim for the same was presented against the state to the Court of Claims, pursuant to the provisions of chapter 755, p. 1614, of the Laws of 1900. Such court rendered judgment dismissing the claim, and from that judgment this appeal is taken.

Argued before PARKER, P. J., and SMITH, CHASE, CHESTER, and HOUGHTON, JJ.

John T. Norton, for appellants.
John Cunneen, Atty. Gen., and S. S. Taylor, Dep. Atty. Gen., for the State.

PARKER, P. J. It must be conceded that the assignment by Fruh, to the claimants, of an interest in his contract with the state, to the extent of $23,300, was a valid assignment, and as between the claimants and Fruh could have been enforced by them against him as fast as they earned the amounts which such assignment was made to secure. Brace v. City of Gloversville, 167 N. Y. 452, 457, 60 N. E. 779; Hackett v. Campbell, 10 App. Div. 523, 42 N. Y. Supp. 47, affirmed 159 N. Y. 537, 53 N. E. 1125.

It must also be conceded that the fact of this assignment, to the extent of $23,300, was known to the state. The facts appearing in the record before us clearly show that. It became the duty of the state, therefore, to pay that full sum of $23,300 to the claimants, instead of to Fruh, as fast as it was earned by Fruh, or on his account, according to the terms of his contract. After such notice, payment of any part of such amount to Fruh would not be warranted. Brill v. Tuttle, 81 N. Y. 454, 37 Am. Rep. 515; Lauer v. Dunn, 115 N. Y. 405, 22 N. E. 270; Bates v. Salt Springs Nat. Bank, 157 N. Y. 322, 327, 51 N. E. 1033. It appears from the record before us that all the work and materials which Fruh undertook to perform and furnish under his contract was performed and furnished by the 8th day of October, 1899, and that the claimants had by such date fully performed and furnished so much thereof as they had undertaken to do and furnish. Also that the state, up to that date, had paid to the claimants, by reason of the assignment by Fruh to them, all of the $23,300, except the sum of $2,194.57. That amount the state had paid to Fruh, instead of to the claimants. The whole work under Fruh's contract having then been fully performed and accepted by the state, and the whole contract price thereof having been fully

earned, I can discover no reason why the state should not pay to these claimants the full amount that Fruh so assigned to them. The case seems to be reduced to that single and very simple proposition of law. It is no defense to a debtor, who had notice of such an assignment, that he had paid a portion of the assigned amount to the assignor. The act of May 4, 1900, p. 1614, c. 755, under which this claim is presented to the Court of Claims, I consider to be nothing more than a waiver by the state of its rights, as sovereign, to decline to answer in its own courts, and as an authority to such Court of Claims to award judgment against it upon any state of facts that would warrant a recovery were the claim against a citizen of the state. Nothing more was intended by such act, and nothing more is necessary to sustain this claim against the state.

I am of the opinion that the decision of the Court of Claims should be reversed, and, inasmuch as there is no dispute whatever over the amount for which the state is liable, if it is liable at all, that judgment should be now directed against the state and in favor of the claimants for the sum of $2,194.57, and interest thereon since October 8, 1899. Waller v. State, 144 N. Y. 579, 601, 39 N. E. 680. All concur.