## BROOKSVILLE GRANITE CO. v. LATTY et al.

(Supreme Court, Special Term, New York County. November, 1913.)

1. ASSIGNMENTS (§ 52*)—EQUITABLE ASSIGNMENTS.

Defendant firm contracted to sell and ship to defendant L. a cargo of paving blocks, but before shipping asked L. to inform plaintiff's agent that, on receipt of the blocks, L. would pay a certain sum to such agent, to be applied on a chattel mortgage executed by the firm to plaintiff, and that plaintiff demanded a letter to that effect before it would release the blocks. L. wrote to plaintiff's agent, stating that he was willing to make payment as requested, and about the same time had a conversation with an officer of plaintiff company and of such agent, who told L. that plaintiff held a chattel mortgage on the blocks, but agreed to release it if L. paid the purchase price to the agent company. *Held*, that the letter written by defendant firm to L. constituted an equitable assignment of the proceeds of the shipment to plaintiff.

[Ed. Note.—For other cases, see Assignments, Cent. Dig. §§ 107–111; Dec. Dig. § 52.*]

2. ASSIGNMENTS (§ 55*)—EQUITABLE ASSIGNMENTS—CONSIDERATION.

There was a sufficient consideration for the agreement that the amount to become due upon delivery of the blocks should be paid to plaintiff.

[Ed. Note.—For other cases, see Assignments, Cent. Dig. §§ 113–115; Dec. Dig. § 55.*]

3. ATTACHMENT (§ 180*)—PROPERTY SUBJECT—PRIOR CLAIMS.

If an equitable assignment was not fraudulent as to creditors, it would be superior to the interest acquired on an attachment subsequently levied.

[Ed. Note.—For other cases, see Attachment, Cent. Dig. §§ 453, 550–575; Dec. Dig. § 180.*]

4. EQUITY (§ 43*)—EQUITABLE ASSIGNMENTS—ENFORCEMENT.

A court of equity had jurisdiction to enforce an equitable assignment of the purchase price of a cargo of blocks made to plaintiff, who held a chattel mortgage against the assignor, in payment thereof, where there were rival claimants to the funds, irrespective of whether the assignee could maintain an action at law against the debtor.

[Ed. Note.—For other cases, see Equity, Cent. Dig. §§ 121–140, 164–166; Dec. Dig. § 43.*]

5. ASSIGNMENTS (§ 73*)—EQUITABLE ASSIGNMENT—CONSTRUCTION.

The assignment only gave plaintiff such part of the fund as was sufficient to discharge the balance due him under his chattel mortgage, and would not entitle him to satisfy from such fund other and unsecured debts.

[Ed. Note.—For other cases, see Assignments, Cent. Dig. §§ 139–142; Dec. Dig. § 73.*]

Action by the Brooksville Granite Company against Salvino Latty and others, copartners under the style of Latty Bros. Granite Company, and others. Judgment for plaintiff.

Claude A. Thompson, of New York City (Alexander Gordon, of New York City, of counsel), for plaintiff.

Charles G. Signor, of New York City, for defendants Brothers Valley Coal Co., Julius Harburger, and Henry S. Lanpher.

GIEGERICH, J. The plaintiff seeks to enforce an equitable assignment claimed to have been made by the defendants Latty & Valtz

to him of the purchase price of a cargo of granite blocks sold and shipped by Latty & Valtz to the defendant Lanpher. The plaintiff's claim is opposed by the defendant Brothers Valley Coal Company, who have obtained a judgment against the defendants Latty & Valtz and have caused a levy to be made upon the said indebtedness of Lanpher to them. The first point at issue is whether an equitable assignment was proved. The plaintiff gave evidence that the defendants, doing business under the firm name of Latty Bros. Granite Company, contracted to sell and ship from Maine to the defendant Lanpher in New York a cargo of stone paving blocks. Before shipping the blocks, the Latty Bros. Granite Company wrote to Lanpher and asked him to inform John T. Brady & Co., acting as agent for the plaintiff, that upon receipt of the blocks Lanpher would pay $1,500 to Brady & Co., to be applied to a chattel mortgage held by the plaintiff and made by the defendants Latty & Valtz to them to secure the payment of the sum of $2,546.29, and further stated that the plaintiff wished to have such a letter before they would release the blocks from the wharf to the vessel. Accordingly, Lanpher wrote a letter to Brady & Co. stating the conditions of the purchase and that he was willing to make payment as requested to the Brady Company provided he received a cargo sufficiently large to make that amount due. At about the time these letters were written, Lanpher had a conversation with one Dordan, who was an officer both of the Brady and Brooksville Companies, and who informed Lanpher that the Brooksville Company held a chattel mortgage on the blocks, but expressed his willingness to release the blocks, which were then in the possession of the Brooksville Company, if Lanpher would agree to pay the purchase price to the Brady Company. Subsequent to Lanpher's agreement to make such payment, the plaintiff released the stone from the chattel mortgage and granted permission to ship. The blocks were accordingly shipped on November 7, 1912, and were received by Lanpher on November 21, 1912. Payment under the terms of the contract became due 60 days after shipment, namely, on January 6, 1913. The defendant Brothers Valley Coal Company, learning from Lanpher that these moneys would shortly become due from Lanpher to Latty Bros., commenced an action against them in the City Court of the City of New York to recover the sum of $743.70, with interest, claimed to be due for coal sold, and caused an attachment to be levied on December 31, 1912, on such indebtedness.

[1] I am of the opinion that the letter of October 15, 1912, written by the Latty Bros. to Lanpher requesting him to notify Brady & Co. that he would pay them the proceeds of this shipment to be applied on the mortgage held by the plaintiff, under all the circumstances shown, constituted an equitable assignment. Brill v. Tuttle, 81 N. Y. 454, 37 Am. Rep. 515.

[2] There was a plain agreement that the amount to become due for the delivery of the stone should be paid to the plaintiff and there was a sufficient consideration for such agreement. The argument that Latty Bros. did not release Lanpher from his obligation to them, and that the plaintiff did not release Latty Bros. from their obligation to it, and that Lanpher never made a binding agreement to pay the plain-

tiff, and other similar arguments, are based upon a misapprehension of the true nature of the transaction. Such things are not necessary elements of an equitable assignment of a debt to become due.

[3] Equally without merit is the claim that the attachment, since levied before the debt became due, is superior to the equitable assignment previously made. In Williams v. Ingersoll, 89 N. Y. 508, 523, speaking of the rival rights of an equitable assignee and an attaching creditor, the court cited with approval Dix v. Cobb, 4 Mass. 508, in which it was said that upon the assignment the equitable interest in the debt as between the parties to it immediately passed to the assignee, and that if the assignor had afterward recovered the debt he would be obliged to pay it over to the assignee, and that an attaching creditor stood on no better footing than his debtor (the assignment not being fraudulent as to creditors), and attached the property, subject to all lawfully existing liens created by his debtor, and that, if the debtor had no equitable interest remaining, the creditor would not acquire any by his attachment. The Court of Appeals in the same case approved Muir v. Schenck, 3 Hill, 228, 38 Am. Dec. 633, wherein it was said that the question between a previous assignee and a subsequent attaching creditor was the same in principle as between conflicting assignees and that the one prior in point of time had the better right. See, also, Fairbanks v. Sargent, 104 N. Y. 108, 9 N. E. 870, 6 L. R. A. 475, 58 Am. Rep. 490.

[4] The defense that the plaintiff ought not to be permitted to maintain this action in equity because it has an adequate remedy at law is not good. Whether it could maintain an action at law against Lanpher need not be decided. As there are rival claimants to the fund, a court of equity, with all the necessary parties present, is manifestly the proper forum. So far as concerns the claim that the evidence shows fraud on the part of the plaintiff in taking the assignment in suit, it is enough to say, without discussing the facts, that the evidence does not so impress me. Indeed, there is hardly enough to raise a suspicion of fraud. The plaintiff was diligent in taking security for his debt and for this cannot be blamed.

[5] I cannot, however, accede to the assertion by the plaintiff of a right to take out of the fund anything more than the amount due on its chattel mortgage. The fact that Latty Bros. owe them other and unsecured debts, more than enough to absorb the excess of the fund above the balance due on the debt secured by the mortgage, is immaterial. A proper construction of the assignment limits its effect to such part of the fund as suffices to discharge the balance due under the mortgage.

Judgment for the plaintiff as indicated, without costs to any party. Present requests for findings, with proof of service, within five days after the publication of this opinion. Briefs in relation to such requests may be left with the clerk within two days after such service, at the expiration of which time all papers are to be submitted.